Joanne SOKHOS, Plaintiff,

v.

MAYFLOWER TRANSIT, INC., et
al., Defendants.

Civ. A. No. 87–1648–S.

United States District Court,
D. Massachusetts.

June 15, 1988.

Steven R. Kruczynski, Robert Marcus & Associates, Boston, Mass., for plaintiff.

F. Anthony Mooney, Hale & Dorr, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

SKINNER, District Judge.

Plaintiff Joanne Sokhos brought this action in the Massachusetts Superior Court against defendant Mayflower Transit, Inc. d/b/a Aero Mayflower Transit Company. The action was removed to this court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction. In the spring of 1986, plaintiff contracted with defendant to ship her household goods from California to Massachusetts. In her complaint, plaintiff alleges that the goods were not delivered when contracted for, that numerous items were damaged or not delivered, and that as a result of these acts or omissions, defendant has committed breach of contract (Count I), breach of warranty (II), negligence (III), unfair acts and deceptive practices in violation of M.G.L. c. 93A (IV), negligent or intentional misrepresentation in the inducement of the contract (V), and unfair claim settlement practices in violation of M.G.L. c. 176D (VI).

Defendant now moves to dismiss this action under Fed.R.Civ.P. 12(b)(6), or in the alternative, that summary judgment be granted, on the ground that the so-called Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707, preempts every count in plaintiff's complaint as each count is inconsistent with the provisions of the Carmack Amendment. Plaintiff opposes the motion, on the ground that this action seeks relief under several alternative state common and statutory law theories that are not inconsistent with the Carmack Amendment. For the reasons set forth in this opinion, defendant's motion is allowed in part and denied in part.

## Background

As defendant relies upon matters outside the pleadings in its motion to dismiss, I treat this motion as a motion for summary judgment, Fed.R.Civ.P. 12(b). Viewing the record before me in the light most favorable to plaintiff, and considering all inferences favorable to plaintiff, *Emery v. Merrimack Valley Wood Products*, 701 F.2d 985, 986 (1st Cir.1983), *citing Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), the following facts could reasonably be found. On or about March 15, 1986, plaintiff and defendant entered into a contract whereby defendant agreed to move plaintiff's belongings from California to Massachusetts. The parties executed a non-negotiable bill of lading which provided for a delivery date between March 24 and March 28, 1986. Defendant was obligated under 49 C.F.R. § 1056.2(a) to furnish plaintiff with Publication OCP–100, "Your Rights and Responsibilities When You Move," but plaintiff never received this publication.

Defendant offered plaintiff the "Mayflower Green Light Guarantee," a replacement value insurance policy whereby Mayflower would reimburse plaintiff $15,000 or $3.50 per pound of shipped weight, whichever was greater, in the event of damage or loss to the goods. Defendant informed plaintiff that her belongings weighed 4,800 pounds, thereby having a total valuation of $16,800, and plaintiff purchased the policy with no deductible at a rate of $.85 per $100.00.

In the course of preparing plaintiff's belongings for shipment and loading the moving van, defendant prepared a "Household Goods Descriptive Inventory." However, this inventory was not shown to plaintiff until after the moving van had been fully loaded. When the moving van finally arrived in Boston, it was difficult for plaintiff to determine initially whether the shipment arrived whole due to the prevailing conditions—delivery was made on April 3, six days after the last projected delivery date, at 11:20 p.m. during a rainstorm.

The following day, plaintiff determined that numerous articles were lost in transit and other items suffered various degrees of damage. Plaintiff immediately contacted defendant and was instructed to fill out a claims form. Plaintiff also asked defendant to send a representative to her home to inspect her shipment. Defendant did not send an inspector until July 23, 1986, fully three and one-half months after plaintiff received the shipment. In the meantime, plaintiff began to inventory her damages and losses and requested that a tracer be placed on her missing items. On September 15, 1986, plaintiff submitted her completed claims forms, claiming that $9,695 in items were never delivered, other items sustained $9,869.65 in damage, and that she incurred over $1,000 in lodging and food expenses due to late delivery of her belongings. Defendants denied liability on September 18 for all but $4,669.04 of plaintiff's claim with very little explanation other than reference to a repair report, a copy of which was not provided to her. Soon thereafter, plaintiff retained counsel to pursue her rights.

*Discussion*

In order to prevail on a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, Fed.R.Civ. P. 56(c). Where the movant has met this burden, summary judgment should be granted, unless the nonmovant can present affirmative evidence in support of an essential element of her case on which she will bear the burden of proof at trial, *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986). *Cf. Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) (nonmovant must establish the existence of an issue of fact by substantial evidence that is both genuine and material). A dispute about a material fact will be "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986). In essence, the standard for summary judgment is the same as that for directed verdict. *Id.,* 477 U.S. at 250, 106 S.Ct. at 2512, 91 L.Ed.2d at 213.

As a preliminary matter, Counts VII through X state claims against Aero Mayflower Transit Co., Inc. that are identical to Counts I, II, III, and V. In its answers to plaintiff's complaint, Mayflower Transit stated that Aero Mayflower is no longer in existence but that Mayflower Transit does business under the name "Aero Mayflower Transit Co." Plaintiff appears to concede this in all papers filed subsequent to defendant's answer, and makes no reference to Counts VII through X in her opposition to this motion. Therefore, pursuant to Fed.R.Civ.P. 12(f), I strike Counts VII through X from plaintiff's complaint as they are redundant.

Defendant contends that 49 U.S.C. § 11707 acts to preempt the remaining six counts in the complaint. Section 11707(a)(1) provides:

A common carrier providing transportation ... subject to the jurisdiction of the Interstate Commerce Commission ... shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier ... that delivers the property and is providing transportation ... [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier ... when transported under a through bill of lading ...

Further, section 11707(c)(4) provides that

A common carrier may limit its liability for loss or injury of property transported under section 10730 of this title.

Finally, section 10730 allows common carriers of household goods to limit their liability for loss or damage to a value established by written declaration of the shipper, or by a written agreement.

■ Defendant claims that it has complied with all of the statutory requirements

set forth above, and that on the uniform household goods bill of lading, plaintiff executed a written agreement to the effect that the entire shipment would be released to a value equal to $3.50 per pound, or approximately $16,800. Plaintiff does not dispute this. However, plaintiff relies on 49 U.S.C. § 10103, which provides that

[e]xcept as otherwise provided in this subtitle, the remedies provided under this subtitle are in addition to remedies existing under another law or at common law.

Plaintiff contends that, in order to read §§ 10103, 10730, and 11707 together and to give each section the full force or effect of law, the Carmack Amendment should only preempt that state common or statutory law which is inconsistent with the amendment. I agree to the extent that the Carmack Amendment preempts only those state common or statutory bases of relief premised upon the liability of an interstate motor carrier for damages or loss to goods being transported in interstate commerce. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 507, 33 S.Ct. 148, 152, 57 L.Ed. 314 (1912) (precursor of § 10103 intended to continue in existence such other rights and remedies for the redress of some specific wrong or injury, whether given by the Interstate Commerce Act, state statute, or common law, not inconsistent with the act's provisions). *See also Reed v. Aaacon Auto Transport, Inc.*, 637 F.2d 1302, 1304–05 (10th Cir.1981). *But see, Wirth, Ltd. v. Silvretta*, 575 F.Supp. 1274, 1276–77 (N.D. Ill.1984) (allegations of breach of contract and common law negligence based on damage to shipped goods are preempted by the Carmack Amendment).

█ In Count I, plaintiff alleged that defendant breached the contract by its failure to deliver goods, delivery of damaged goods, failure to deliver timely, and failure to deliver in the daytime. Plaintiff's claim alleging failure to deliver certain goods and damage to other goods is preempted by the Carmack Amendment. I do not reach the same conclusion with respect to the remaining allegations in Count I. Failure to deliver household goods within the dates agreed upon has little to do with loss or damage to those articles. This allegation strikes primarily at the personal inconvenience plaintiff has alleged she suffered as a result of preceding her belongings during her eastward trek by nearly one week. The same element of personal inconvenience underlies plaintiff's complaint about delivery in the late evening hours.

█ Count II alleges that defendant committed breach of warranty by failing to comply with the terms and conditions of the Mayflower Green Light Guarantee, the replacement value insurance policy. This policy, a copy of which plaintiff has annexed to her memorandum in opposition to this motion, provides replacement value insurance for nondelivered goods and goods damaged in transit. Count II complains of defendant's failure to reimburse her adequately under this policy for loss or damage to her household goods, and therefore is preempted by the Carmack Amendment. Count III alleges that defendant was negligent in all aspects of the shipment and delivery of her belongings, but states no claim that is separate or distinct from the general allegation of loss or damage, and therefore Count III is also preempted.

█ Count IV states a claim under M.G. L. c. 93A for unfair or deceptive acts or practices. Defendant suggests that the law is "clear" that multiple damages imposed by punitive statutes such as chapter 93A are not recoverable from an interstate carrier governed by the rules and regulations of the Carmack Amendment. The law on this point is far from clear, however, and the few circuits which have addressed this question do not agree. *Reed*, 637 F.2d at 1307 (10th Cir.) (Carmack Amendment does not preclude awards of punitive damages); *Chandler v. Aero Mayflower Transit Co.*, 374 F.2d 129, 137 (4th Cir.1967) (shipper not entitled to recover punitive damages); *but see Hubbard v. Allied Van Lines, Inc.*, 540 F.2d 1224, 1228 (4th Cir.1976) (Carmack Amendment does not extinguish a carrier's liability for punitive damages in every case). In her chapter 93A demand letter, plaintiff described which practices and acts she believed were unfair or deceptive; for example, the man-

**1582**

ner and method of inventorying her goods so as to make it impractical or impossible for her to verify the accuracy of the inventory sheet and defendant's failure to inspect her goods promptly when she initially informed defendant of the loss and damage to the shipment. I agree with the holdings in *Reed* and *Hubbard* and conclude that plaintiff should not be precluded from seeking punitive damages in this action.

Count V alleges that defendant intentionally or negligently misrepresented numerous material facts, including the actual weight of the shipment, the projected date of delivery, and the nature, value, and limitations of the Mayflower Green Light Guarantee, and that these misrepresentations were made to induce plaintiff to enter the shipping contract. This count does not relate to loss and damage to plaintiff's household goods, but rather alleges mistake or fraud in connection with the formation of the contract, *see, e.g., Chandler,* 374 F.2d at 135, and therefore is not preempted by the Carmack Amendment.

Finally, Count VI charges defendant with unfair claims settlement practices under M.G.L. c. 176D, § 2, which provides that

> [N]o person shall engage in this commonwealth in any trade practice which is defined as ... an unfair or deceptive act or practice in the business of insurance.

Further, M.G.L. c. 176D, § 3(1)(g) provides that unfair claim settlement practices as broadly enumerated in that subsection are proscribed by the act. Plaintiff has stated that defendant misrepresented the terms and conditions of the Mayflower Green Light Guarantee and that in numerous other ways committed unfair claim settlement practices when it summarily denied her claim. I conclude that Count VI is not preempted by the Carmack Amendment as it is not based on loss or damage to plaintiff's belongings but rather is complaining of the process that defendant utilized in handling her claim. This is not inconsistent with the terms of the Carmack Amendment.

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment is ALLOWED as to Counts II, III, and so much of Count I as alleges failure to deliver goods and delivery of damaged goods, and DENIED as to the remainder of the complaint.