**Mohamed ELGHARBAWI, Appellant,**

**v.**

**Mel SELLY, et al., Respondents.**

**No. C6–91–1875.**

Court of Appeals of Minnesota.

April 7, 1992.

Thomas M. Darden, Dorsey & Whitney, Minneapolis, for Hennepin County Bar Ass'n–Legal Advice Clinic for appellant.

David P. Chameli, Harris & Taylor, Minneapolis, for respondents.

Considered and decided by HUSPENI, P.J., and RANDALL and DAVIES, JJ.

## OPINION

RANDALL, Judge.

The trial court granted summary judgment in favor of respondents. The trial court found appellant shipper failed to file a timely claim as required by the bill of lading and was barred from recovery by 49 U.S.C.A. § 11707(a)(1) (West Supp.1991) [1], the Carmack Amendment. We reverse and remand.

## FACTS

In April of 1989 appellant Elgharbawi (shipper) contacted respondent L & M Marketing, Inc., (L & M), a motor common carrier, and requested it to move his personal and household goods from St. Paul to Van Nuys, California. On May 2, 1989, respondent Mel Selly, general manager of L & M, arrived at appellant's apartment to receive appellant's belongings for shipment. L & M inventoried the goods, loaded them onto a truck and took them away that day.

On May 4, 1989, appellant advised respondents not to ship his goods because he would not be moving to California after all. A few days later appellant called L & M to inquire about his belongings. He was instructed to call back early the next week in order to speak directly with Selly. Appellant called back, and he told Selly he wanted his goods delivered back to him and asked how much he owed respondents. Selly advised appellant he had not yet calculated the amount of money owed. He told appellant to call him back in a half hour. When appellant called back, Selly was not available. Appellant was again instructed to call back at another time.

Appellant and his wife made repeated telephone calls to respondents and even tried to visit Selly but were unsuccessful. Sometimes they were told Selly was not available. When they did actually reach Selly, he told them he still had not calculated their bill. Appellant was always instructed to call back. Finally, Selly agreed to meet with appellant on August 28, 1989. At that time, Selly presented appellant a bill totalling $840. The bill includes charges for four months storage at $80 per month ($320). The remaining charges appear to be for packing and the initial pickup. Appellant objected to the charges for four months of storage because during those months, from May through August, he was trying to find out how much he owed respondents.

Some time after August, respondents revealed to appellant that their storage facility had been vandalized by fire and appellant's property had been damaged. Appellant and respondents were not able to settle their differences over who owed who.

On April 2, 1990, appellant filed a claim in conciliation court for the value of person-

[1]. This section was previously codified as 49 U.S.C.A. § 20(11).

al property destroyed by fire while in respondents' custody and control. Appellant won a judgment against L & M in the amount of $3218. L & M removed the case to district court. Appellant alleged five counts in his amended complaint: conversion; negligence; breach of contract; UCC violations; and consumer fraud. Respondents plead affirmative defenses and counterclaimed for $1100 for storage and handling of the goods.

The trial court granted respondents' motion for summary judgment. The trial court concluded appellant's state common law and statutory claims against respondents are barred, finding they were preempted by the Carmack Amendment, 49 U.S.C.A. § 11707 (preempts all remedies pertaining to damages arising out of the transportation of goods in interstate commerce; bill of lading acts as contract for carriage). Appellant filed a motion to vacate; for leave to file an amended complaint (so as to add a claim under the Carmack Amendment and to add a claim for punitive damages); and for reconsideration. Because the trial court had agreed to allow appellant to amend his complaint if it decided the Carmack Amendment applied, the trial court vacated the judgment and granted appellant's leave to amend his complaint. However, applying the same reasoning, the trial court again granted summary judgment in favor of respondents.

## ISSUE

Did the trial court err by granting summary judgment for respondents?

## ANALYSIS

On appeal from summary judgment, the function of this court is to determine whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *Offerdahl v. University of Minnesota Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The evidence must be viewed in a light most favorable to the nonmoving party. *Id.*

49 U.S.C.A. § 11707(a)(1) (West Supp.1991), commonly referred to as the Carmack Amendment, provides in part:

A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission * * * shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier * * * and any other common carrier that delivers the property * * * are liable to the person entitled to recover under the receipt or bill of lading.

The bill of lading acts as the contract for carriage. *See generally Turner's Farms, Inc. v. Maine Cent. R.R. Co.,* 486 F.Supp. 694 (D.Me.1980). The Carmack Amendment prohibits carriers from providing, by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it. 49 U.S.C.A. § 11707(e) (West Supp.1991).

On the back side of the bill of lading signed by appellant appears the following paragraph:

4. In order to preserve your rights to recovery, a claim for any loss or damage, injury or delay must be filed in writing with the carrier within nine (9) months after delivery to the cosignee as shown on the face of this contract, or in cases of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed * * *.

The trial court found that a reasonable amount of time for delivery of the goods was three weeks from when the goods were tendered, which would have been on May 23, 1989. The first written notice of claim was made when appellant filed a claim in conciliation court on April 2, 1990. Thus, the trial court concluded appellant failed to file a written claim within nine months of May 23, 1990, as required by the terms of the bill of lading, and therefore, was barred from recovery by the Carmack Amendment on any claim for "failure to make delivery."

We reverse the trial court ruling. The Carmack Amendment does not apply to this case. The parties agree the only portion of paragraph four of the bill of lading that could be applicable is where it refers to "cases of failure to make delivery." This case does not involve a "failure to make delivery." Appellant notified respondents he would not be moving to California and thus did not want his household goods

shipped to California. Respondents' response was reasonable and intelligent: per appellant's request, they did not deliver appellant's belongings to California. By no stretch of the imagination can respondents be found "to have failed to make a delivery." When the owner of the goods said not to ship them, respondents properly did not ship them. Respondents are entitled to a reasonable amount for their services up to that point.

■ The case involves a simple tort claim for personal property damage and the standard six-year time bar applies. *See* Minn.Stat. § 541.05, subd. 1(4) (1990). Because the nine-month Carmack limitation is not applicable to these facts, the claim was timely.[2] Since the goods were destroyed while in the care, custody, and control of respondents, a common carrier and warehouser, and there is no claim of contributory negligence, we direct judgment for appellant on the issue of liability. We remand for the determination of damages, including a valuation of the goods, by the factfinder.

■ Respondents are entitled to payment for the initial packing of the goods, the pick up of the goods, and a reasonable storage fee. Respondents acted appropriately during the time immediately following rescission by appellant. However, at some point, respondents' failure to determine and communicate to appellant an appropriate charge became unreasonable. Over three months passed from the time appellant requested a bill and the time he received a bill. The record shows no good reason why respondent put off appellant's repeated requests for a bill.

■ The bill respondents finally did submit to appellant contained a total charge of $840. The charges included $320 for storage for the months of May through August, at $80 per month. The remaining charges of $520 appear to be for the initial inventory, packing, and pick-up. The $520 is reasonable and not disputed by appellant. Respondents are entitled to a setoff against the valuation of the destroyed goods in the amount of $520. However, given the facts of this case, the monthly storage charges of $320 are unreasonable. This is not to say respondents are not entitled to *any* storage charges as a matter of law. This determination we leave to the finder of fact. Respondents are entitled to present evidence on this issue if they so choose. If it is found that respondents are entitled to a further amount for storage costs, that amount should also be setoff against appellant's damages.

■ We also remand for further consideration of appellant's claim for consumer fraud.[3] There is a genuine issue of fact as to whether respondents' actions in failing to promptly provide appellant with an invoice of services rendered were motivated by an intent to defraud appellant. Were storage charges improperly run up after appellant told them the goods would not be transported to California and that he wanted them back? The record does not show when Selly knew appellant's goods had been destroyed by fire, when he told appellant about the fire, and whether there were any storage charges after the fire. These questions are unresolved, and are relevant fact issues. Appellant is entitled to pursue his claim of consumer fraud.

2. Even assuming arguendo, that the nine-month claims filing limitation is applicable, appellant's claim is still timely, and we would reverse and remand. Pursuant to respondents' own argument, delivery of the goods back to appellant was only required after a satisfactory arrangement for payment for the packing and handling was made. Respondents did not bill appellant until August 28, 1989. Therefore, according to respondents, the earliest the nine-month period could have started to run was August 28, 1989. The parties agree appellant's first written claim was filed on April 2, 1990, less than nine months after respondents submitted a bill to appellant. Thus, even if the nine-month claims

filing limitation is applied, given these facts, appellant's claim is timely.

3. It is well settled that the Carmack Amendment provides the exclusive remedy for damages resulting from loss of, or injury to, goods transported by an interstate common carrier subject to the statute. *See Adams Express Co. v. Croninger,* 226 U.S. 491, 505–06, 33 S.Ct. 148, 152, 57 L.Ed. 314 (1913); *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1412–13 (7th Cir.1987), *cert. denied,* 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988); *Intech, Inc. v. Consolidated Freightways, Inc.,* 836 F.2d 672, 677 (1st Cir.1987). However, some courts have distinguished

## DECISION

The trial court erred by granting summary judgment in favor of respondents. We reverse and remand for a determination of appellant's damages. Then, respondent is entitled to a setoff for the packing and pick-up charge of $520 plus a reasonable amount for storage, if any, to be determined by the factfinder. We also remand for consideration of appellant's consumer fraud claim.

Reversed and remanded.

claims for damage to or loss of the goods from claims for unfair or deceptive acts or practices and claims of mistake or fraud in connection with the formation of the contract. *See, e.g., Mesta v. Allied Van Lines International, Inc.,* 695 F.Supp. 63 (D.Mass.1988); *Sokhos v. Mayflower Transit, Inc.,* 691 F.Supp. 1578 (D.Mass.1988);

*Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.1980), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). Because we find this case does not fall within the parameters of the Carmack Amendment, we need not decide whether the amendment preempts appellant's claim for consumer fraud.