**UNITED VAN LINES, INC., Plaintiff,**

v.

**Daniel SHOOSTER, et al., Defendants.**

**No. 92–6395–CIV.**

United States District Court,
S.D. Florida.

Sept. 18, 1992.

Heidi M. Roth, Coral Gables, FL, for plaintiff.

Frank M. Shooster, Fort Lauderdale, FL, for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the plaintiff's motion for summary judgment, motion to strike affirmative defenses, and motion to dismiss counterclaims. The issues in all three motions are intertwined and in fact boil down to the question of whether the defendants have any defense/counterclaim which prevents the entry of summary judgment in this cause.

United Van Lines shipped defendants' household goods from Pennsylvania to Boca Raton, Florida. Upon arrival in Florida, defendants were notified that the weight of the goods shipped exceeded 24,000 pounds. The defendants were apparently dissatisfied because they had been given an estimate of approximately 12,000 pounds. Thus, the cost of moving was considerably greater than defendants had anticipated. The defendants refused to pay the entire price as required by the applicable tariffs, and this suit was filed to enforce collection of said monies.

The defendants asserted several affirmative defenses and counterclaims, based on equitable estoppel, set-off, and primary jurisdiction. The five count counterclaim alleged various fraud claims, in addition to an assault and battery charge. The defendants argue that none of these claims are preempted by the Carmack Amendment, while plaintiff

maintains that all counterclaims and affirmative defenses are preempted.

Summary judgment may be granted when there are "... no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Tippens v. Celotex Corp.,* 805 F.2d 949, 952–954 (11th Cir.1986); *See also,* C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2725 at 75 (1983). The evidence must be viewed in the light most favorable to the non-moving party. *Tippens,* 805 F.2d at 892, *Sweat v. Miller,* 708 F.2d 655, 656–657 (11th Cir.1983).

■ "In order to avoid the grant of summary judgment, a party must demonstrate both the existence of a material fact and a genuine issue as to that material fact. A fact is material if it constitutes a legal defense to an action." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). In other words, a fact is material if it is an essential element of the cause of action. *Murphy v. Light,* 257 F.2d 323, 325 (5th Cir.1958). In the instant matter, the question is not whether factual disputes exist, but whether as a matter of law defendants are precluded from asserting their defenses and counterclaims.

### PRIMARY JURISDICTION

■ As to the defense of primary jurisdiction lying with the Interstate Commerce Commission, defendants' reliance on *Advance United Expressways, Inc. v. C.R. Bard, Inc.,* 731 F.Supp. 499 (N.D.Ga.1990), is misplaced. Indeed, in their response, defendants seem to concede that the primary jurisdiction defense does not apply to the facts at bar. The reasonableness of the rate is not an issue in the instant case, and thus the *Advance* case is of little value to the questions before the Court. Accordingly, the plaintiff's motion to strike the defense of primary jurisdiction is hereby granted.

### EQUITABLE ESTOPPEL AND SET–OFF

■ The set-off and equitable estoppel issues are intertwined and will be dealt with together. To state the obvious, there can be no set-off unless defendant asserts a legally valid defense or counterclaim. Thus, the first issue before the Court is whether any valid defense or counterclaim exists, or whether all such claims are preempted.

In Count I of defendants' counterclaim, the Shoosters claim that the plaintiff fraudulently underestimated the weight of the shipment to induce them to enter into the contract. It is true that the 12,000 pound estimate does vary substantially from the actual weight of almost 25,000 pounds. The contract signed by Mrs. Shooster is quite clear, however, that the estimate is non-binding and that the final price will be based on the actual weight. Indeed, the law is equally clear that the carrier is required to collect the proper tariff based on the actual weight shipped. *Maislin Industries U.S. v. Primary Steel,* 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990).

While the Court is sympathetic to the defendants' claim of a "bait and switch" scheme to induce consumers into entering into contracts, the courts cannot be in the business of making *ad hoc* determinations of "how much" is "too much" when estimates are inaccurate. While it may seem unduly harsh to the instant defendants, their remedy was to seek several estimates and not to rely on one particular carrier's estimate. Moreover, as stated previously, the agreement reached between the parties contemplates that the actual weight will be more than the estimate, and the rights of each party are delineated therein.

■ As a matter of law, the fraud alleged in Count I, as well as the claims asserted in Counts II & III are preempted by the Carmack Amendment to the Interstate Commerce Act. 49 U.S.C. § 11707. The multitude of precedents cited by plaintiff clearly indicates that the Amendment preempts virtually any state law claim. As stated by the court in *Sylgab Steel and Wire Corp. v. Strickland Transportation Company,* 270 F.Supp. 264, 268–69 (S.D.N.Y.1967),

> there can be little doubt that the Carmack amendment preempts the field and supersedes all state common law rights ... Despite some earlier intimations to the contrary, ... it is now clear that "the federal government entered and pre-empted the field of liability for interstate shipments, even though in a particular case the plain-

tiff, but for the Carmack Amendment, could have recovered at common law."

The plaintiff has also provided the Court with several recent unreported cases which clearly show that the Carmack Amendment applies even when fraud claims (including state statutory unfair or deceptive trade practices acts) are involved. *Margetson v. United Van Lines,* (D.C.N.M.1991); *Suarez v. United Van Lines,* (D.C.Col.1992); *see also, White v. United Van Lines,* 758 F.Supp. 1240 (N.D.Ill.1991). Other courts have been equally clear that under the Interstate Commerce Act, the filed tariffs have the force of law and may not be modified. *Consolidated Rail Corp. v. Standard Milling Co.,* 508 F.Supp. 277 (W.D.N.Y.1981) (citations omitted). As was stated by in *L. & N.R.R. v. Central Iron Co.,* 265 U.S. 59, 65, 44 S.Ct. 441, 442, 68 L.Ed. 900 (1924):

> The amount of the freight charges legally payable was determined by applying this tariff rate to the actual weight. Thus, they were fixed by law. No contract of the carrier could reduce the amount legally payable; or release from liability a shipper who had assumed an obligation to pay the charges. *Nor could any act or omission of the carrier* (except the running of the statute of limitations) *estop or preclude it from enforcing the payment of the full amount by a person liable therefor* (emphasis added).

The Court read with interest *Sokhos v. Mayflower Transit, Inc.,* 691 F.Supp. 1578 (D.Mass.1988). *Sokhos* is the strongest case in the defendants' favor which indicates that an exception to the Carmack Amendment exists for fraud claims which may have induced a party to enter into a contract. The Court notes for the record that in *Sokhos,* the weight issue seemed to involve fraud allegations over the *actual* weight, not the non-binding estimate as in the case at bar. Thus, the case is not on "all fours" in the Court's opinion. Nonetheless, even interpreting *Sokhos* as broadly as possible in defendants' favor does not "carry the day." After reading the multitude of precedents cited by plaintiff, the Court must conclude that *Sokhos* represents an extreme minority view in this area of the law (although a view which is perhaps more equitable in practice).

Pursuant to the above discussion, Counts I, II & III of defendants' counterclaim are dismissed. The affirmative defenses of equitable estoppel and set-off are hereby stricken as they pertain to said counterclaims.

### ASSAULT AND BATTERY

■ The issue for the Court's consideration in Count V of the counterclaim concerns an allegation of assault and battery filed by the defendant, Mr. Shooster. At first blush the defendant makes a good argument that an intentional tort such as assault and battery should not come under even the broad scope of the Carmack Amendment. The most straightforward argument in favor of said position is that an assault would be "unrelated" to the shipping of a party's goods. A closer analysis, however, compels a different conclusion.

The Bill of Lading (attached as plaintiff's Exhibit "3"), states:

> *Section 6.* As a condition precedent to recovery, a claim for *any* loss or damage, *injury* or delay, must be filed in writing with the carrier within nine (9) months after delivery.... Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid. (emphasis supplied).

United Van Lines, by defendants' counterclaim, is to be held liable for the actions of its agent's employee. Thus, it is only fair that a claim for injury due to the actions of said employee should be investigated by the company in a timely manner. This is the reason for the nine month deadline in Section 6, to facilitate prompt and accurate investigation of a party's claim for injury. The purpose for such a clause is not to escape liability, but to ensure reasonable notice for a proper and fair investigation. *Georgia, Florida & Alabama Railway v. Blish Milling Co.,* 241 U.S. 190, 195–96, 36 S.Ct. 541, 543–44, 60 L.Ed. 948 (1916). The Court is also mindful of the underlying purpose of this ·entire statutory scheme, namely to prevent preferences and discrimination as among shippers. Permitting a company to ignore the conditions pre-

830

cedent to claims would "open the door" to such preferences. *East Texas Motor Freight Lines v. U.S.*, 239 F.2d 417, 420 (5th Cir. 1956).

The defendants here would hold United Van Lines liable for the conduct of their agent's employee acting within the scope of his employment, or for negligently failing to train said employee. Thus, for the purposes of the Carmack Amendment, said employee's actions are connected with the shipping of defendants' goods. Thus, the conditions precedent in the Bill of Lading must be met in order to proceed with this cause of action. The defendants do not dispute plaintiff's assertions that the conditions precedent were not met.

Accordingly, pursuant to the above reasoning, the plaintiff's motion to dismiss the defendants' counterclaim for assault and battery will be granted.

### COUNT IV—THE CARMACK AMENDMENT

The plaintiff spends much time in its brief arguing that the defendants' only remedy is through the Carmack Amendment. The defendants have made such a claim based on alleged damage to their property in the amount of $7,500.00. Notwithstanding these allegations, the plaintiff claims that defendants have not stated a claim under the Carmack Amendment. The Court disagrees. The allegations set forth in Count IV of the counterclaim do sufficiently state a claim for relief, and accordingly, the plaintiff's motion to dismiss said Count will be denied.

The Court has reviewed the motions and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1) The plaintiff's motion to dismiss Counts I, II, III & V of defendants' counterclaim is **GRANTED.** Said Counts are hereby **DISMISSED.**

2) The motion to strike affirmative defenses of equitable estoppel, set off, and primary jurisdiction is also **GRANTED.**

3) The plaintiff's motion for summary judgment is **GRANTED** in part and **DE-**NIED in part. As to liability for the amount required by the tariff, the plaintiff's motion is **GRANTED.** Final Judgment will not enter, however, as defendants have sufficiently pleaded a counterclaim for damage to their property.

**DONE AND ORDERED.**