**AMERICAN EYE WAY, INC., a Florida corporation, Plaintiff,**

v.

**ROADWAY PACKAGE SYSTEM, INC., a Delaware corporation, Defendant.**

**No. 94–2255–CIV.**

United States District Court, S.D. Florida.

Jan. 9, 1995.

Kurt D. Zimmerman, Stein, Rosenberg & Winikoff, P.A., Fort Lauderdale, FL, for plaintiff.

Lawrence J. Roberts, Hinshaw & Culbertson, Miami, FL, for defendant.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS II, III, AND IV OF THE COMPLAINT*

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant Roadway Package System, Inc.'s ("RPS") motion to dismiss Counts II, III, and IV of the complaint. For the reasons stated below, the Court grants RPS's motion.

Plaintiff American Eye Way, Inc. ("American") brings this action against RPS to recover damages arising from the delivery of five C.O.D. packages by RPS to one of American's customers. The aggregate declared value for the packages is approximately $18,-000. Upon delivery of the packages, RPS accepted payment in the form of a "certified check," whose proceeds American has not received. It is not clear at this juncture whether the check was improperly certified, or a forgery. The complaint is also somewhat vague as to the reason why American has not collected the proceeds from the check. In any event, American claims that its loss is due to RPS's failure to follow American's C.O.D. instructions, which were "cash only."

American's complaint asserts four claims. In Count I, American alleges breach of the shipping contract by RPS. In its motion to dismiss, RPS does not challenge this count. Moreover, the parties agree that the applicable Interstate Commerce Commission tariff governs this claim.

American also asserts claims for negligence, fraudulent misrepresentation, and negligent misrepresentation in Counts II, III, and IV, respectively. The fraudulent and negligent misrepresentation claims are predicated on American's allegation that, during contract negotiations, RPS's representative assured American that it would only accept cash for American's C.O.D. packages whenever so instructed. RPS contends that all three of these state common law claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707. The Court agrees. As noted by the Honorable Jose A. Gonzalez in *United Van Lines, Inc. v. Shooster,* 860 F.Supp. 826, 828 (S.D.Fla.1992) (Gonzalez, J.), "the Amendment preempts virtually any state law claim."

In its response to RPS's motion to dismiss, American offers no colorable argument regarding non-preemption of the negligence

claim. American argues, however, that its misrepresentation claims fall within an exception to the Carmack Amendment's broad preemptive scope, carved by the District of Massachusetts in *Sokhos v. Mayflower Transit, Inc.*, 691 F.Supp. 1578 (D.Mass.1988). In *Sokhos,* the court found that claims predicated on mistake or fraud in connection with the formation of a shipping contract are not preempted by the Carmack Amendment. *Sokhos,* 691 F.Supp. at 1582. Judge Gonzalez considered this exception in his *Shooster* opinion, but declined to adopt it, concluding that, in light of the multitude of contrary precedents, "*Sokhos* represents an extreme minority view in this area of the law." *Shooster,* 860 F.Supp. at 829. The Court finds Judge Gonzalez's reasoning persuasive and similarly declines to adopt the *Sokhos* exception to Carmack Amendment preemption for claims arising from the formation of an interstate shipping contract.

In light of the foregoing considerations, the Court concludes that Counts II, III, and IV of the complaint are preempted by federal law and should be dismissed with prejudice. The Court further notes that this determination renders moot the issue of the availability of punitive damages in connection with these claims. Hence, it is hereby

ORDERED AND ADJUDGED that RPS's motion to dismiss Counts II, III, and IV of the complaint is GRANTED; and Counts II, III, and IV of the complaint are DISMISSED with prejudice. RPS shall file its answer to the breach of contract claim contained in Count I, within twenty days of the date of this order.

DONE AND ORDERED.