795 So.2d 239 (2001)
CIRCLE REDMONT, INC., Appellant,
v.
MERCER TRANSPORTATION COMPANY, INC., etc., Appellee.
No. 5D00-3354.
District Court of Appeal of Florida, Fifth District.
September 28, 2001.
*240 Kevin J. Sandor and Patrick F. Roche of Frese, Nash & Hansen, P.A., Melbourne, for Appellant.
William E. Davis, Jill A. Cook-Edwards, Buchanan Ingersoll, P.C., Miami, for Appellee.
PALMER, J.
Circle Redmont (Circle) appeals the final judgment entered by the trial court in favor of Mercer Transportation (Mercer), arguing that the court erred in determining that Circle's state law claims based on Mercer's failure to collect C.O.D. charges on its behalf were preempted by federal law. We affirm.
Circle filed a complaint against Mercer alleging claims of breach of contract and conversion based on the following facts. Mercer is a common carrier which furnishes *241 commercial transportation services for the shipment of goods nationwide. Circle manufactures custom glass for installation on construction projects nationwide. The parties entered into a contract whereby Mercer agreed to transport goods from Circle's plant in Florida to a construction site in New York City. The bill of lading which Circle prepared for the job stated that the shipment was being transported C.O.D. The goods were delivered, but the driver failed to collect the C.O.D. payment for Circle.
In response to Circle's complaint, Mercer initially filed a notice of removal to federal court, alleging that a federal question was presented because Circle's lawsuit alleged claims arising out of an interstate shipping transaction. Mercer maintained that, under the Carmack Amendment to the Interstate Commerce Act, federal jurisdiction preempted all such claims.[1] Upon review, the federal district court remanded the matter to the circuit court, ruling that removal was not warranted because Circle's complaint did not plead a claim under the Carmack Amendment and, in any event, the complete preemption doctrine did not apply to Carmack Amendment cases because concurrent state and federal jurisdiction existed over such claims. See Circle Redmont, Inc., v. Mercer Transp. Co., 78 F.Supp.2d 1316 (M.D.Fla.1999).
The matter thereafter went to trial before the circuit court sitting without a jury. Upon review of the evidence presented and the argument of counsel, the trial court entered final judgment in favor of Mercer, ruling that dismissal of Circle's lawsuit was required because federal law preempted the state law claims. More specifically, the trial court determined that, under the facts as alleged and proven at trial, the Carmack Amendment provided the exclusive remedy for Circle's claim of losses because the claim arose out of an interstate shipment of goods under a bill of lading. The court further concluded that, since no cause of action under the Carmack Amendment had been alleged by Circle either in its complaint or during trial, entry of judgment in favor of Mercer was warranted.
Circle filed a motion for rehearing arguing that the matter did not fall within the scope of the Carmack Amendment because the controversy involved a claim for damages based upon Mercer's failure to collect a C.O.D. payment, not a claim for loss, damage, or injury to the shipped goods. Circle at the same time filed a motion to amend its pleadings to conform with the evidence presented at trial, requesting that the trial court permit the complaint to be amended to include a statement that the action was being brought under the Carmack Amendment. Circle then asserted that, even assuming that the Carmack Amendment preempted Circle's state law claims, Circle had successfully demonstrated its right to recover its losses under the Carmack Amendment. The trial court denied Circle's motions and entered judgment in favor of Mercer.
*242 Circle appeals, arguing that the trial court erred in concluding that the Carmack Amendment preempted its state law breach of contract claim.[2] Circle contends that Mercer's duty to collect the C.O.D. payment under the terms of the parties' contract was separate and distinct from its duty to ship the goods. We affirm the trial court's ruling because, although the express language of the Carmack Amendment only makes reference to the actual loss, damage, or injury to property during shipping, and thus Mercer's failure to collect C.O.D. charges does not fall within the literal terms of the amendment, the United States Supreme Court has interpreted the scope of the Carmack Amendment's preemption so broadly that such claims necessarily come within its scope.
In New York, Philadelphia, & Norfolk R.R. Co. v. Peninsula Produce Exch. of Maryland, 240 U.S. 34, 38, 36 S.Ct. 230, 60 L.Ed. 511 (1916), the Supreme Court described the broad scope of the Carmack Amendment's preemption as follows:
The words `any loss, damage, or injury to such property,' caused by the initial carrier or by any connecting carrier, are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination.
This decision followed the Supreme Court's earlier language in Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913), which described, in more general terms, the scope of the Carmack Amendment:
That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.
Id. at 505-506, 33 S.Ct. 148.
Two of our sister courts have specifically addressed the issue of whether the Carmack Amendment preempts claims premised upon the defendant's alleged failure to properly collect C.O.D. charges. See United Parcel Serv. v. S.C. Tees, Inc., 333 S.C. 178, 508 S.E.2d 34 (App.1998); American Eye Way, Inc. v. Roadway Package System, Inc., 875 F.Supp. 820 (S.D.Fla. 1995). Although the rulings set forth in these cases are not controlling on this court, we conclude that those rulings flow logically from the broad manner in which the United States Supreme Court has interpreted the scope of the Carmack Amendment.
In American Eye Way, Inc. v. Roadway Package System, Inc., 875 F.Supp. 820 (S.D.Fla.1995), the district court concluded that the Carmack Amendment governed the plaintiffs claim that Roadway had improperly accepted certified checks when the C.O.D. instructions had specifically required payment in cash. And in United Parcel Serv. v. S.C. Tees, Inc., 333 S.C. 178, 508 S.E.2d 34 (App.1998), the South Carolina court agreed with UPS that C.O.D. matters were controlled by the Carmack Amendment. In so ruling, the court quoted the United States Supreme Court's language defining the scope of the Carmack Amendment as being "comprehensive enough to embrace all damages resulting from any failure to discharge a *243 carrier's duty with respect to any part of the transportation to the agreed destination." Id. at 181, 508 S.E.2d 34 (quoting Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 29, 57 S.Ct. 73, 81 L.Ed. 20 (1936)). Applying this case law to the instant facts, we conclude that the trial court properly entered judgment in favor of Mercer because Circle choose not to assert a claim under the Carmack Amendment.
We further reject Circle's contention that the trial court should have granted its motion to amend its complaint to add a claim for damages under the Carmack Amendment. To that end, the instant record fails to support Circle's assertion that during trial Mercer both expressly and impliedly consented to trying issues germane to the Carmack Amendment. See Fla. R. Civ. P. 1.190(b). Review of the trial transcript reveals that Circle did not articulate at any time that it was pursuing a claim for damages arising under the Carmack Amendment. In fact, the record demonstrates that Circle steadfastly asserted a position to the contrary. For example, when Mercer sought to introduce evidence which would only have been relevant to defend against a Carmack Amendment claim (such as evidence relating to the terms of the parties' bill of lading, the parties' understanding of Mercer's tariff schedule, whether Mercer was acting as a broker rather than a common carrier, whether Circle failed to mitigate its damages, and the amount of Circle's actual damages) the trial court refused to admit such evidence, ruling that it was not relevant to Circle's breach of contract claim. On this record, the trial court properly determined that Circle was not entitled to amend its complaint to include a claim under the Carmack Amendment because such an amendment would have prejudiced Mercer since Mercer was prohibited, by virtue of the court's evidentiary rulings, from effectively defending against a Carmack Amendment claim. See Azemco, Inc. v. Brown, 553 So.2d 1245 (Fla. 3d DCA 1990)(explaining that a trial court's decision to deny a party's request to amend its pleadings will not be disturbed on appeal absent a showing of an abuse of discretion).
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] In King Ocean Cent. America v. Precision Cutting Serv., Inc., 717 So.2d 507, 511 (Fla. 1998) our Supreme Court cogently explained that the Carmack Amendment to the Interstate Commerce Act governs the liability of inland common carriers for losses, damages, or injuries to goods during shipment. Congress' purpose for enacting the legislation was to achieve national uniformity in the liability assigned to carriers. Id. (citing Rini v. United Van Lines, Inc., 104 F.3d 502, 503 (1st Cir. 1997)). In order to achieve that goal, the Amendment imposes a form of strict liability on domestic common carriers for any damages occurring during shipment, absent proof of one of the common law defenses. King Ocean, 717 So.2d at 512.
[2] Circle has not raised any claim of error with regard to its conversion claim.