### EVENTUS MARKETING, INC., Plaintiff,

v.

### SUNSET TRANSPORTATION CO., Defendant.

### Case No. 10–21331–CIV.

United States District Court, S.D. Florida.

July 14, 2010.

Ricardo E. Oquendo, Esq., New York, NY, Henry Philip Bell, Esq., Henry P. Bell, P.A., South Miami, FL, for Plaintiff.

Gregg S. Garfinkel, Esq., Nemeck–Cole, P.A., Sherman Oaks, CA, Heidi M. Roth, Esq., Coral Gables, FL, for Defendant.

### *ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND*

JAMES LAWRENCE KING, District Judge.

Defendant's Motion to Dismiss relies upon federal preemption of all state, common and statutory law regarding liability of interstate carriers for interstate shipments.[1] Plaintiff alleges that it hired Defendant on March 18, 2009 to provide transportation services of a tractor, trailer and driver for its 2009 Dr Pepper Club 23 Tour (the "Club 23 Tour") throughout several cities in the United States in accordance with an agreed to tour schedule of events and venues, for the period of May 15, 2009 through December 15, 2009.

Plaintiff's suit, filed April 26, 2010, after a dispute arose over the charges for the transportation and the failure of Defendant to make final delivery, relies upon

---

1. Defendant's Motion to Dismiss (D.E. # 8) was filed May 115, 2010. Plaintiff's Response (D.E. # 15) was filed June 30, 2010 and Defendant's Reply (D.E. # 16) was filed July 12, 2010.

three separate state law claims: breach of contract, conversion and unjust enrichment. Defendant asserts the preemption of the Carmack Amendment: to the Interstate Commerce Act, 49 U.S.C. § 14706, as the sole legal remedy available for adjudication of Plaintiff's alleged state law claims.

In disputing that Plaintiff's state law claims are preempted by the Carmack Amendment, Plaintiff suggests that the facts of this case do not support the existence of a "contract of carriage" between the parties, and that this case presents "... a unique set of facts and perhaps a case of first impression ..." removing this case from federal preemption.

Careful review of the law as cited in the respective briefs interpreting the Carmack Amendment impel the conclusion that Defendant's analysis is correct and the Motion to Dismiss should be granted. This action arises out of a contract entered into between the parties for the interstate transportation of Plaintiff's business personal property and the resulting disputes over the cost and related charges of such transportation under that contract. These claims are preempted by the Carmack Amendment. *Hansen v. Wheaton Van Lines, Inc.*, 486 F.Supp.2d 1339 (S.D.Fla. 2006); *Smith v. UPS*, 296 F.3d 1244 (11th Cir.2002), *cert. denied* 537 U.S. 1172, 123 S.Ct. 1000, 154 L.Ed.2d 914 (2003); *American Eye Way, Inc. v. Roadway Package System, Inc.*, 875 F.Supp. 820 (S.D.Fla. 1995); *United Van Lines, Inc. v. Shooster*, 860 F.Supp. 826 (S.D.Fla.1992); *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir.1989); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407 (7th Cir.1987), *cert. denied*, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988); *Sylgab Steel and Wire Corp. v. Strickland Transportation Co., Inc.*, 270 F.Supp. 264 (E.D.N.Y.1967); *Peyton v. Railway Express Agency, Inc.*, 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525 (1942); *Atchison, Topeka & Santa Fe Railway v. Harold*, 241 U.S. 371, 36 S.Ct. 665, 60 L.Ed. 1050 (1915); *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913).

## PLAINTIFF'S ALTERNATIVE MOTION TO AMEND

Plaintiff seeks, alternatively, leave to amend its Complaint pursuant to Fed. R.Civ.P. 15(a)(2), should the Court find that its state law claims are preempted (D.E. # 15, Plaintiff's Response, pp. 14–17), and dismiss the Complaint.

Plaintiff's counsel acknowledges (¶ 62, Plaintiff's brief) that the requirement of Fed.R.Civ.P. 15(a)(2), requiring leave of court prior to filing an Amended Complaint (after responsive pleading has been filed), was not followed. Without waiting for decision, or moving for leave to amend, he filed a 31–page document (including attachments) entitled "Amended Complaint."

Defendant's reply brief filed July 12, 2010 (D.E. # 16) challenged this filing and moved to dismiss the Amended Complaint based upon the futility doctrine citing *Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir.1999); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514 (11th Cir.1996); and *Daewoo Motor Am., Inc. v. General Motors Corp.*, 459 F.3d 1249 (11th Cir.2006). Defendant further argues that, except for the addition of Count IV, the Amended Complaint is virtually identical to the original Complaint filed by Plaintiff on April 26, 2010.[2]

---

**2.** Since Plaintiff filed its Amended Complaint without having the benefit of this Court's decision ruling on the Motion to Dismiss the original Complaint, it has not had the opportunity to respond to Defendant's objections as stated in D.E. # 16 to the filing: of the Amended Complaint. If Plaintiff had waited for a decision, and therefore had the benefit

Sustaining Defendant's objection and striking the proposed Amended Complaint (Exhibit B attached to Plaintiff's D.E. # 15), while granting Plaintiff the right to file an Amended Complaint consistent with this opinion, will place the parties in a proper procedural and traditional schedule for resolution of this case. It is therefore,

ORDERED, ADJUDGED and DE-CREED that Defendant's Motion to Dismiss (D.E. # 8) the Complaint (D.E. # 1) be, and the same is hereby GRANTED without prejudice to the Plaintiff, should it be so advised, to file an Amended Complaint within fifteen days hereof. Any Amended Complaint, should be consistent with the foregoing opinion, holding that the Carmack Amendment preempts all state, common and statutory law regarding the liability of interstate carriers is the exclusive remedy to be applied in this case. If is further

ORDERED, ADJUDGED and DE-CREED that the 31–page document (D.E. # 15–2) entitled "Amended Complaint" and filed June 30, 2010 be, and it is hereby STRICKEN from the record, together with all of its attachments.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 14th day of July, 2010.

of the Court's thinking on the issues relating to this Carmack Amendment as raised in the Motion to Dismiss, the resulting procedural contusion well have been eliminated. .