EAZOR EXPRESS
v.
The PENNSYLVANIA RAILROAD COM-PANY, a corporation.
Civ. A. No. 62–983.

United States District Court
W. D. Pennsylvania.
March 7, 1963.

Richard J. Smith, Pittsburgh, Pa., for plaintiff.

Aloysius F. Mahler, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

Plaintiff, Eazor Express, is a motor common carrier and defendant, The Pennsylvania Railroad Company, is a rail common carrier, both operating in interstate commerce. On June 17, 1960, the parties entered into a contract whereby the defendant agreed to transport the plaintiff's trailer from Chicago, Illinois, to Jersey City, New Jersey, by the method known in the industry as "piggyback".

The plaintiff agreed to compensate the defendant for such service and the defendant issued a bill of lading to the plaintiff accepting the trailer for transport. Upon delivery of the trailer in Jersey City, the plaintiff, upon inspection, discovered that it was in a damaged condition. Thereafter, on November 20, 1962, the plaintiff filed a suit in assumpsit in the County Court of Allegheny County, Pennsylvania, for the sum of $1331.23, the alleged cost of repairs to the trailer. On November 28, 1962, a copy of the complaint and the notice was served on the defendant by the Sheriff of Allegheny County. On December 17, 1962, the defendant by petition caused the case to be removed to this court alleging jurisdiction pursuant to 28 U.S.C.A. § 1337 and 28 U.S.C.A. § 1441.

A motion is now before this Court by which the plaintiff seeks to remand the proceeding to the County Court on the ground that the removal from the County Court was unwarranted. Defendant asserts that this action is governed by the provisions of the Interstate Commerce Act, Title 49 U.S.C.A. § 316(c) which provides for through routes, joint rates and charges among motor carriers and rail carriers in interstate commerce and for the filing of its contracts.

This action is based upon a contract arising under the provisions of an act of Congress thereby giving district courts original jurisdiction. 28 U.S.C.A. § 1337. It is also controlled by 49 U.S.C.A. § 20(11), which provides that a common carrier in interstate commerce shall be liable for any loss, damage or injury to property during the time such property is in its possession. Concurrent jurisdiction is granted by this Title to both district courts and state courts. The plaintiff chose to institute suit in the County Court. Congress also granted the right to transfer certain cases from the state courts to the federal courts pursuant to 28 U.S.C.A. § 1337 and 28 U.S.C.A. § 1441. However, by statute certain actions subject to the concurrent jurisdiction of the federal and state courts are made non-removable. The Judicial Code, 28 U.S.C.A. § 1445(b) states:

"A civil action in any State court against a common carrier * * * to recover damages * * * arising under section 20 of Title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $3,000, exclusive of interest and costs."

697

■ Since the plaintiff's action is governed by these Acts and must consist of a matter in controversy exceeding $3000, exclusive of interest and costs, and since the matter in controversy here amounts to only $1331.23, its removal from the County Court was unwarranted. The action therefore will be remanded to that court.