**Ashley MARGETSON, Plaintiff,**

**v.**

**UNITED VAN LINES, INC., Defendant.**

**No. CIV–91–638 SC.**

United States District Court,
D. New Mexico.

Sept. 30, 1991.

Randolph B. Felker, Felker, Ish, Hatcher, Ritchie, Sullivan & Geer, Santa Fe, N.M., for plaintiff.

Michael W. Brennan, Grey W. Handy, Carpenter, Comeau, Maldegan, Brennan, Nixon & Templeman, Santa Fe, N.M., for defendant.

## MEMORANDUM OPINION AND ORDER

CAMPOS, District Judge.

This action is before the Court on defendant's Motion to Dismiss. The Court, having reviewed the memoranda submitted by the parties and being apprised of the applicable law, finds that the motion should be granted in part and denied in part.

In ruling on a motion to dismiss, the Court must construe the pleadings in favor of the plaintiff. Only if, after liberal construction of the pleadings, there appears to be no possibility that the plaintiff can prove a set of facts which would warrant relief should the motion to dismiss be granted. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Gas-a-Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102, 1107 (10th Cir.1973).

The facts, construed in the light most favorable to the plaintiff, are as follows. Plaintiff hired defendant, United Van Lines, Inc., to transport household goods and other personal property from Dallas, Texas to Santa Fe, New Mexico. Plaintiff explained to representatives of defendant that her possessions were valuable and that some were rare and fragile. Plaintiff also informed defendant that she had not yet obtained a residence in Santa Fe and that the possessions would have to be stored in a manner assuring their protection for some time following their arrival in Santa Fe. Defendant assured plaintiff that the moving and storage of the possessions would be performed to her specifications. As a result of such representations, plaintiff contracted with defendant.

Plaintiff asserts that the move was not performed in the manner promised by defendant and that possessions were damaged while being transported. Plaintiff also seems to suggest that articles were damaged in storage. Plaintiff does not specifically identify the causes of action under which she brings suit in the body of the Complaint; however, she entitles the pleading "Complaint for Fraud, Breach of Contract and Unfair Practices."[1] Plaintiff

---

**1.** Although plaintiff does not specifically state in her Complaint that "unfair practices" denotes a cause of action brought under state unfair trade practices law, that may be inferred from the briefing on the subject.

alleges the value of the belongings to be $400,000. The specific amount of damages necessary to compensate plaintiff for her losses is not stated; plaintiff acknowledges that defendant has paid to repair some of the items, but claims that she has not been compensated for the reduced value of repaired items or for loss of use of damaged items. In addition to compensatory damages, plaintiff seeks punitive damages in the amount of $500,000, asserting that defendant's actions were "fraudulent, willful, wanton, reckless and malicious." Complaint at ¶ 12. Plaintiff also asserts entitlement to "double or treble damages, as well as attorney's fees," (Complaint at ¶ 13) presumably on the basis of the apparent statutory cause of action for unfair practices.

█ The principal issue in ruling on this Motion to Dismiss is whether the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707, preempts the statutory and common law claims asserted by plaintiff. Defendant argues that the sole remedy available to plaintiff with respect to her claims against defendant is under the Carmack Amendment. The Carmack Amendment governs liability of common carriers under receipts and bills of lading. The objectives of the Carmack Amendment were addressed by the United States Supreme Court in *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S.Ct. 148, 152, 57 L.Ed. 314 (1913), in which the Court wrote "[t]here can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it...."

In *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir.1989), the Tenth Circuit recognized the preemptive effect of the Carmack Amendment with respect to claims based on common law or state law which seek damages for "negligent loss or damage to goods shipped under a lawful bill of lading." *Id.* at 1121. *See also Georgia, Florida and Alabama Railway Co. v. Blish Milling Co.*, 241 U.S. 190, 196, 36 S.Ct. 541, 544, 60 L.Ed. 948 (1916) (the Carmack Amendment "embrace[s] responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation").

█ The Court recognizes that Supreme Court and Tenth Circuit precedent clearly establish that an interstate shipper's sole remedy against a common carrier for damages to goods is found in the Carmack Amendment. With that in mind, the Court will specifically address the claims raised in plaintiff's Complaint.

█ In plaintiff's claim for breach of contract, she alleges that defendant contracted to move her possessions from Dallas to Santa Fe and that "Defendant is liable for any and all losses and damage to Plaintiff's belongings occasioned during the moving process." Complaint at ¶ 6. Courts have consistently recognized the preemptive effect of the Carmack Amendment over breach of contract claims. *See e.g. Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir.1987); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1412 (7th Cir.1987), *cert. denied*, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988). The Court agrees with the bulk of authority on this subject and finds that plaintiff's breach of contract claim is preempted by federal law. This preemptive effect extends to damages allegedly occurring as a result of improper storage methods. The Carmack Amendment is to be broadly construed; furthermore, the statute states as follows:

A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission under subchapter I, II, or IV of chapter 105 of this title and a freight forwarder shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier or freight forwarder and any other common carrier that delivers the property and is providing transportation **or service** subject to the jurisdiction of the Commission under subchapter I, II, or IV are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the

delivering carrier, or (3) another carrier over whose line or route the property is transported in the United States....

49 U.S.C. § 11707(a)(1) (emphasis added).

■ The Court finds that Congress clearly intended to legislate limitations on liability with respect to services generally performed by a common carrier such as defendant, and not to limit the legislation to damage incurred while articles were actually being moved. Storage comes within the ambit of the legislation; plaintiff's claim for breach of contract resulting from damage which occurred while possessions were in storage is, therefore, preempted by the Carmack Amendment. Furthermore, "transportation" is defined in 49 U.S.C. § 10102(26)(A) to include "a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use...." Clearly, transportation is to be broadly construed and the drafters contemplated that transportation would extend to storage facilities. *See also PNH Corp. v. Hullquist Corp.,* 843 F.2d 586, 590 (1st Cir.1988).[2]

■ The Court further finds that plaintiff's claim for fraud is preempted by the Carmack Amendment. Plaintiff asserts that defendant perpetrated a fraud against her by virtue of various representations which defendant made regarding the packing, handling, moving, and storage of her possessions. The damages which plaintiff seeks as a result of this alleged fraud are for injury to and loss of use of the goods. Based on the statutory language quoted above, this claim is also preempted. The legislation governs the type of damages being alleged by plaintiff in her fraud claim, specifically, loss or injury incurred in

transporting goods interstate. There is no basis for creating an extra-statutory remedy to supplement the relief explicitly permitted under the statute. *See Hughes v. United Van Lines, Inc.,* 829 F.2d at 1412, n. 5.

■ The Court also finds that statutory claims for damages are preempted by the Carmack Amendment. In determining the preemptive effect of a federal statutory scheme on state law, the Court must look to the particular goals of the federal scheme in question. *Burbank v. Lockheed Air Terminal, Inc.,* 411 U.S. 624, 637, 93 S.Ct. 1854, 1861, 36 L.Ed.2d 547 (1973). The Court rejects plaintiff's argument that because "[t]he Texas Deceptive Trade Practices Act and the New Mexico Unfair Trade Practice Act do not purport to regulate [interstate shipment] and present no obstacle to full accomplishment of uniformity in these respects" they are not preempted by the Carmack Amendment. Plaintiff's Response to Defendant's Motion to Dismiss, p. 7.[3] Regardless of whether the state legislators who drafted the statutes dealing with unfair or deceptive trade practices contemplated the applicability of those statutes to interstate shipments, the effect of applying the statutes to interstate shipments would be incongruous with the Carmack Amendment. In *Adams Express Co. v. Croninger,* 226 U.S. at 505–06, 33 S.Ct. at 152, the Court wrote "[t]here can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it...." In enacting the Carmack Amendment, Congress intended to create a uniform remedy for damages incurred during interstate shipment. *But c.f. American Transfer and Storage Co. v. Brown,* 584 S.W.2d 284 (Tex.Civ.App.1979), *rev'd on other grounds,* 601 S.W.2d 931 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66

---

**2.** The Court notes that plaintiff did not address, in her Response to Motion to Dismiss, possible claims for breach of contract for actions taking place after the transport of her belongings. These claims are, however, suggested in plain-tiff's Complaint and addressed in defendant's Motion to Dismiss.

**3.** For the purpose of ruling on this Motion to Dismiss, it is unnecessary for the Court to choose whether New Mexico or Texas law ap-

L.Ed.2d 474 (1980).[4]

In addition, where a direct conflict exists between federal and state law, the federal law controls by virtue of the Supremacy Clause in Article VI of the United States Constitution. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). The Court finds that the specific preclusion of punitive damages under the Carmack Amendment creates a conflict with the Unfair Trade Practices Act, N.M. Stat.Ann. §§ 57–12–1 through 57–12–21 (Repl.Pamp.1987) and punitive or multiple awards of damages which may be permissible under Texas law. Although plaintiff argues that it is significant that some of her claims are based on misrepresentations or fraudulent acts which occurred before or after the transport of her possessions, the Court finds that all the acts resulting in damage, as discussed above, are within the coverage of the Carmack Amendment. The award of either multiple or punitive damages is inconsistent with the legislative intent of the Carmack Amendment, which allows recovery of only actual damages; the imposition of treble or punitive damages would impermissibly frustrate legislative intent. *Hughes v. United Van Lines, Inc.,* 829 F.2d at 1412.

With respect to defendant's Motion to Dismiss as to every claim, plaintiff responds that while the Carmack Amendment does constitute a sole remedy against a shipper of goods in some instances, in order for a carrier to bring itself within the protection of the Carmack Amendment, the

carrier must prove compliance with the following four requirements: (1) the carrier maintained approved tariff rates with the Interstate Commerce Commission; (2) the carrier obtained the shipper's written declaration of the value to which the property is limited; (3) the carrier gave the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) the carrier issued a receipt or bill of lading prior to moving the shipment. 49 U.S.C. § 11707; *Anton v. Greyhound Van Lines, Inc.,* 591 F.2d 103, 107 (1st Cir.1978); *Hughes v. United Van Lines, Inc.,* 829 F.2d at 1415.

Plaintiff argues that defendant has not established these four requirements, and that the Motion to Dismiss, therefore, is not well taken. Defendant correctly asserts that plaintiff improperly confuses the issues of permissible limitation of liability and preemption. The Carmack Amendment imposes absolute liability on carriers for loss of or injury to property. Carriers may, however, successfully limit their liability under the Amendment by complying with the four requirements set forth above.

The distinction between when one is covered by the Carmack Amendment and when liability is successfully limited under the Amendment is clearly set out in the *Hughes* decision, in which the court held that plaintiff's state and common law remedies were preempted by the Carmack Amendment, and *then* went on to address the issue of whether defendants had properly complied with the requirements neces-

---

plies to the causes of action asserted by plaintiff.

**4.** In *American Transfer,* the Texas Court of Appeals ruled that claims brought pursuant to the Texas Deceptive Trade Practices Act were not preempted by the Carmack Amendment as the activities sought to be regulated by the two statutes neither conflicted nor overlapped. The court also wrote that "plaintiff's action is not based on any conduct that could be considered a breach of the contract of carriage. It is based on false, misleading, and deceptive acts and practices of defendant's agent that occurred before the parties entered into the contract." *Id.* at p. 290. For the reasons set forth in this Memorandum Opinion and Order, the Court

rejects the reasoning of the Texas court and finds that both the New Mexico and Texas statutes governing unfair or deceptive trade practices are preempted by federal law.

Furthermore, plaintiff's statement that "[t]he United States Supreme Court specifically allowed a Texas action for misrepresentation against an interstate shipper, by refusing to grant certiorari in *American Storage Co. v. Brown*" is a gross misstatement of the law. Plaintiff's Response to Motion to Dismiss, pp. 8–9. The denial of certiorari has no legal or precedential significance, nor may it be inferred that the United States Supreme Court, by denying certiorari, adopts the reasoning of the lower court.

**922**

sary to limit liability. *Hughes v. United Van Lines, Inc.*, 829 F.2d at 1412–24.

■ Finally, the Court rejects defendant's contention that plaintiff does not plead a cause of action under the Carmack Amendment. Defendant correctly cites *Missouri Pacific Railway v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S.Ct. 1142, 1145, 12 L.Ed.2d 194 (1964), as holding that in order for a shipper to make out a *prima facie* case at trial, the plaintiff must show (1) that the carrier received the goods in good order and condition; (2) that the shipment arrived at its destination in a damaged condition or did not arrive at all; and (3) the amount of the loss. However, the defendant's argument that plaintiff has not alleged the first or third required elements in the Complaint and does not state a cause of action under the Carmack Amendment is incorrect:

> A complaint need only set out a generalized statement of facts from which defendant will be able to frame a responsive pleading....The complaint should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. Similarly, it need not appear that plaintiff can obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted.

Wright and Miller, *Federal Practice and Procedure*, § 1357. The Complaint is sufficient to withstand dismissal; however the Court would entertain a motion to amend in order to enable the plaintiff to set forth the federal causes of action more clearly. Therefore,

IT IS THE ORDER OF THE COURT that defendant's Motion to Dismiss insofar as it seeks to dismiss plaintiff's state and common law causes of action, and all claims for multiple or punitive damages, should be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's Motion to Dismiss plaintiff's claims brought pursuant to federal law for failure

to state a claim should be, and hereby is, DENIED.