**Jesus SUAREZ, et al., Plaintiffs,**

v.

**UNITED VAN LINES, INC., Defendant.**

**Civ. A. No. 91–M–2140.**

United States District Court,
D. Colorado.

March 24, 1992.

---

Scott L. Eldredge, Ashley L. Kilroy, Burg & Eldredge, P.C., Denver, Colo., for plaintiffs.

Timothy C. Terrill, Sherri A. Heckel, Harding & Ogborn, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This civil action was removed from the District Court, City and County of Denver, Colorado, upon the defendant's contention that the plaintiffs' claims for breach of contract, negligence and outrageous conduct are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707. Accordingly, the defendant moved to dismiss those claims. The plaintiffs filed an amended complaint claiming (1) loss of and injury to property in the amount of $16,544, pursuant to the Carmack Amendment; (2) deceptive trade practices; (3) bad faith; and (4) intentional or negligent misrepresentation. The plaintiffs seek compensatory damages, exemplary damages, costs and attorney's fees. The defendant moved to dismiss all but the first claim for relief.

The factual allegations are that the plaintiffs contracted with the defendant to ship their property from their former residence in Florida to their new home in Colorado and that their property was damaged when the defendant's employee abandoned the moving van on the side of a road in Kissimee, Florida, on New Year's Eve and the van was broken into and vandalized. They allege that the value of the property was $21,544, and that $5,000 of the loss has been paid by the defendant.

The plaintiffs allege jurisdiction under 28 U.S.C. § 1331. While diversity jurisdiction for the non-federal claims has not been alleged; it is assumed for the purpose of considering the defendant's claim of pre-emption. The second through fourth claims arise from the shipment. Under case law controlling this court, those claims are preempted by the Carmack Amendment. *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir.1989). The purpose of the Carmack Amendment is to enable interstate carriers to assess their risks and predict their potential liability for damages. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987), *cert. denied*, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988). Accordingly, the carrier's liability is limited to actual loss or injury to the transported property. 49 U.S.C. § 11707(a)(1).

The plaintiffs argue that their claim for a violation of the Colorado Deceptive Trade Practices Act, C.R.S. § 6–1–105, *et seq.* is allowable because the purposes of that statute are not in conflict with those of the Carmack Amendment. Assuming the applicability of that law to a shipment made from Florida, the Deceptive Trade Practices Act expressly excludes activity that falls under a statute administered by a federal, state or local agency. C.R.S. § 6–1–106(1)(a). The Carmack Amendment is such a statute. Second, the purposes of the Carmack Amendment and the Deceptive Trade Practices Act are in conflict where deceptive trade remedies provide for more than actual loss while the federal law was intended to enable carriers to assess their risks and to predict their potential liability by restricting claims to actual damages. *A.T. Clayton & Co. v. Missouri–Kansas–Texas R.R.*, 901 F.2d 833, 835 (10th Cir.1990).

Accordingly, it is

ORDERED that the second through fourth claims for relief in the amended complaint, filed January 15, 1992, are dismissed with prejudice and the plaintiffs' recovery will be limited to damages available under 49 U.S.C. § 11707(a)(1).