**PIETRO CULLOTTA GRAPES LTD., a Canadian corporation; and P. Culotta & Co. [Ontario] Limited, a Canadian corporation, Plaintiffs,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware corporation; Southern Pacific Rail Corporation, a Delaware corporation; and San Joaquin Valley Railroad Co., a California Corporation; Defendants.**

No. Civ. S–95–0215–WBS.

United States District Court, E.D. California.

Jan. 16, 1996.

---

Andrew J. Skaff, Karen Lorraine Peterson, Knox Ricksen, Oakland, CA, Rubin Strauber, Berkowitz Strauber and Tiger, Montreal, Quebec, Canada, for Pietro Culotta Grapes Ltd., P. Culotta & Co.

Carol A. Harris, Southern Pacific Transportation Company, San Francisco, CA, Terry Lee Allen, Allen, Polgar, Proietti and Fagalde, Merced, CA, for Southern Pacific Transportation Company Holding Inc., Southern Pacific Railroad, San Joaquin Valley Railroad Company.

Lori A. Shoemaker, Steinhart and Falconer, San Francisco, CA, Terry Lee Allen, Allen, Polgar, Proietti and Fagalde, Merced, CA, for Canadian National Railways.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

Defendants move for judgment on the pleadings on the grounds that plaintiffs' state law causes of action are preempted by the Carmack Amendment to the Interstate Commerce Act. For the reasons that follow, the motion is granted.

## BACKGROUND

The following facts are undisputed by the parties. Defendants Southern Pacific Transportation Company, Southern Pacific Rail Corporation and San Joaquin Valley Railroad (collectively referred to as "defendants") are in the business of transporting freight by railroad. Plaintiffs Pietro Culotta Grapes Ltd. and P. Culotta & Co. [Ontario] Limited (collectively referred to as "plaintiffs") are Canadian companies that sell wine grapes and other products to customers in Canada.

The instant action arises out of an agreement between the parties for shipment by rail of 48 rail cars of wine grapes and grape juice from the Fresno, California area to Toronto, Canada in the fall of 1993. Specifically, plaintiffs contracted with defendants for the shipment and delivery on various dates in September and October 1993 of the 48 rail cars of wine grapes and grape juice. These deliveries were to be made in time for the 1993 produce market in Toronto which took place from mid-September through October. While defendants were ultimately able to complete the shipment, many of the deliveries were untimely and some of the produce was damaged.

As a result, on August 16, 1994, plaintiffs commenced this action in the United States District Court for the Northern District of California against defendants. After defendants moved to dismiss for improper venue, the court ordered the action transferred to this Court, Eastern District of California. Plaintiffs' complaint alleges state common law causes of action for: (1) breach of contract; (2) negligence; (3) fraud; (4) negligent misrepresentation; and (5) interference with economic advantage.

Plaintiffs allege that because of the delays and "bunching" of rail car arrivals, and because of damage to the grapes, they could not meet the needs of their wine grape buyers. Plaintiffs further allege that defendants wrongfully induced them to enter into the contract by representing that the agreed upon delivery schedules would be met although defendants knew this was unlikely. Consequently, plaintiffs are seeking damages for actual injury to and loss of use of the grapes, loss of business and related profits, and punitive damages.

By this motion defendants argue that because the Carmack Amendment governs transportation agreements and provides for carrier liability arising from the shipment of goods in interstate commerce, all of plaintiffs' state common law causes of action for the recovery of damages to goods or delays of goods occurring in transit are preempted.

## STANDARD OF REVIEW

■ "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The standard governing a Rule 12(c) motion is basically the same as that which governs Rule 12(b)(6) motions. The motion should be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989); *Austad v. United States*, 386 F.2d 147 (9th Cir.1967).

## DISCUSSION

Neither party disputes that the contract at issue in this action is governed by the Carmack Amendment and associated regulations. Therefore, the court must determine whether the Carmack Amendment preempts plaintiff's state common law contract and tort claims as well as their demand for punitive damages on those claims.

The Carmack Amendment, 49 U.S.C. § 11707 *et seq.*, was originally passed in 1906 as part of the Hepburn Act, ch. 3591, 34 Stat. 584, and addresses the liability of common carriers for goods lost or damaged during shipment. The Amendment provides shippers with the statutory right to recover for the actual loss or injury to their property caused by any of the carriers involved in the shipment. *See* 49 U.S.C. § 11707.[1] Shortly after its enactment, the Supreme Court interpreted the Carmack Amendment broadly as occupying the entire field. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 33

S.Ct. 148, 57 L.Ed. 314 (1913). As the Court stated:

> [The Carmack Amendment] embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.

*Croninger*, 226 U.S. at 505–06, 33 S.Ct. at 152.

Plaintiffs argue that the Carmack Amendment does not preempt their state law claims because their claims are based on defendants' pre-shipment conduct, and not the actual shipping and delivery of the grapes. Therefore, plaintiffs contend, the Carmack Amendment's "savings clause" preserves their common law causes of action because they are not inconsistent with the rules and regulations of the Amendment.[2]

Plaintiffs rely on *Rini v. United Van Lines, Inc.*, 903 F.Supp. 224 (D.Mass.1995), *Sokhos v. Mayflower Transit, Inc.*, 691 F.Supp. 1578 (D.Mass.1988), *Mesta v. Allied Van Lines International, Inc.*, 695 F.Supp. 63 (D.Mass.1988), and *American Transfer & Storage Co. v. Brown*, 584 S.W.2d 284 (Tex. Civ.App.1979) to support their position. Each of these cases allowed a plaintiff to assert state law claims against a carrier because, as the courts reasoned, the preemptive effect of the Carmack Amendment extends only to the shipment and delivery of goods and not to events that occurred prior to or after shipment and delivery.

---

**1.** 49 U.S.C. § 11707, often referred to as the Carmack Amendment, defines the liability of a common carrier to a shipper for damages arising from shipment as follows:

(a)(1) A common carrier ... that delivers property and is providing transportation or service subject to the jurisdiction of the Commission ... [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier over whose line or route the property is transported

in the United State.... 49 U.S.C. § 1107(a)(1).

**2.** The Carmack Amendment's savings clause, 49 U.S.C. § 10103, provides that "except as otherwise provided in this subtitle, the remedies provided under this subtitle are in addition to remedies existing under another law or at common law." Thus, the clause preserves only those rights and remedies that are "not inconsistent with the rules and regulations prescribed by the provisions of [the] act," *Croninger*, 226 U.S. at 507, 33 S.Ct. at 152.

Little if any persuasive authority is cited to support the reasoning or conclusions of those cases, however. Moreover, they are contrary to the vast majority of cases which have more recently considered the issue. *See Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (Carmack Amendment preempts state law negligence action). Indeed, many of the more recent cases which have upheld the broad preemptive effect of the Carmack Amendment have held the same kind of state law claims as plaintiffs allege here to be preempted, even though the claims were based on conduct occurring prior to or after shipment. *See, e.g., Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–07 (5th Cir.1993) (Carmack Amendment preempted claims of misrepresentation, fraud, gross negligence and statutory claims under Texas Deceptive Trade Practices Act); *Hughes v. United Van Lines, Inc.* 829 F.2d 1407, 1412 n. 5 (7th Cir.1987) (intentional and negligent misrepresentation preempted); *Consolidated Rail Corporation v. Primary Industries Corp.*, 868 F.Supp. 566 (S.D.N.Y.1994) (interference with contract and interference with prospective economic advantage preempted); *Schultz v. Auld*, 848 F.Supp. 1497, 1505–06 (D.Idaho 1993) (claims of gross negligence, fraud and intentional torts preempted); *United Van Lines, Inc. v. Shooster*, 860 F.Supp. 826, 829 (S.D.Fla.1992) (fraud claim preempted by Carmack Amendment); *Margetson v. United Van Lines, Inc.*, 785 F.Supp. 917 (D.N.M.1991) (Carmack Amendment preempted claims for breach of contract, fraud and statutory claims under Deceptive Trade Practices Act and Unfair Trade Practices Act in New Mexico); *cf., Cleveland v. Beltman North American Co.*, 30 F.3d 373, 379 (2nd Cir.1994) (federal common law claim for breach of an implied covenant of good faith and fair dealing based on pre- and post-shipment conduct preempted). The Carmack Amendment has also been held to preempt state common law claims which seek loss of business damages. *See Consolidated Rail Corp.*, 868 F.Supp. at 574; *Main Road Bakery, Inc. v. Consolidated Freightways, Inc.*, 799 F.Supp. 26, 28 (D.N.J.1992).

Furthermore, were the court to adopt the reasoning and conclusions urged by plaintiffs'

cases, the "uniformity and certainty of the national scheme would be compromised." *Schultz*, 848 F.Supp. at 1503. The primary purpose of the Carmack Amendment was to codify a uniform system of carrier liability that would provide certainty to both the shipper and carrier by enabling the carrier to assess his risks and predict his potential liability for damages. *Air Products and Chemicals, Inc. v. Illinois Central Gulf Railroad Company*, 721 F.2d 483, 486; *Hughes*, 829 F.2d at 1415. As a result, Congress limited the carrier's liability to actual loss or injury to the transported property. 49 U.S.C. § 11707(a)(1). To now allow plaintiffs' state common law claims to supplement that system by imposing greater liability than that imposed under the Amendment would undermine the certainty that the legislature intended to provide. As stated by the Supreme Court:

> That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract.
>
> To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject. The first would be to revert to the uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading, and the liability thereby assumed, are covered in full; it is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject.

*Croninger*, 226 U.S. at 505–06, 33 S.Ct. at 152.

Accordingly, because the availability of plaintiffs' state common law causes of action would be inconsistent with the uniformity goal of the Carmack Amendment, plaintiffs reliance on the savings clause is of no avail. Plaintiffs' claims are preempted.

IT IS THEREFORE ORDERED that defendants motion for judgment on the pleadings be, and hereby is, GRANTED on all claims other than plaintiffs' claim under the Carmack Amendment.