**Carl DAVIS and Martha Davis**

v.

**NORTH AMERICAN VAN LINES, INC., Claeys Bros. Moving and Storage, and A–1 Freeman North American, Inc.**

Civil Action No. G–96–023.

United States District Court, S.D. Texas, Galveston Division.

Aug. 8, 1996.

Mark K. Glasser, Charles C. Correll, Jr., Porter & Hedges, Houston, TX, for plaintiff.

David Charles Myers, Jackson & Walker, Dallas, TX, for defendants.

### ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

Plaintiffs originally filed this action in the 239th Judicial District Court of Brazoria County, Texas. Defendants then removed the action to this Court, relying upon 28 U.S.C.A. § 1332(a) (West 1993) and 28 U.S.C.A. § 1337(a) (West Supp.1996) as alternate bases for subject-matter jurisdiction. Now before the Court is Plaintiffs' Motion to Remand for lack of subject-matter jurisdiction pursuant to 28 U.S.C.A. § 1447(c) (West 1994). The Motion is **GRANTED**.

 For purposes of deciding Plaintiffs' Motion to Remand, the Court accepts as true all relevant allegations contained in the Complaint and construes all factual ambiguities in Plaintiffs' favor. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir.1988); *see also Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 542 (5th Cir.1990) ("In cases that have been removed to federal court, the plaintiff's complaint rather than the removal petition must establish federal jurisdiction."). In June of 1995, Plaintiffs solicited bids from several moving companies, including Defendant North American Van Lines, Inc. ("North American"), in preparation for a residential move from South Dakota to Texas. An agent of North American represented to Plaintiffs that the cost of shipping their goods would not exceed sixteen-thousand, nine-hundred and forty-two dollars and seventy cents ($16,942.70), that payment by personal credit card would be acceptable, and that the goods would be delivered to their ultimate destination precisely three days from the loading date. Plaintiffs were thereby induced to enter into a shipping agreement with North American.

In accordance with the terms of the shipping agreement, Plaintiffs provided North American with possession of their goods and North American properly delivered Plaintiffs' goods to the correct destination. At the time of delivery, however, Plaintiffs were unable to pay the total delivery charges in a permissible manner solely due to their reliance upon North American's previously mentioned representations, each of which proved false. North American consequently placed the goods in a storage facility, resulting in additional costs to Plaintiffs of approximately ten-thousand dollars ($10,000) beyond delivery charges.

Plaintiffs have declined to assert claims to recover for delivery overcharges, untimely delivery, improper delivery, or damage or loss of goods during delivery. Instead, Plaintiffs seek to recover strictly for the post-delivery costs of storing their goods, which the Complaint describes as corresponding to services neither requested nor desired by Plaintiffs.[1] In addition to compensatory damages of this nature, Plaintiffs pray for exemplary damages, interest, costs, and attorneys fees.

■ The Court must remand a removed action if, at any time prior to final judgment, it appears that subject-matter jurisdiction is lacking. *See* 28 U.S.C.A. § 1447(c). All doubts concerning subject-matter jurisdiction must be resolved in favor of remand. *See, e.g., Willy,* 855 F.2d at 1164. Defendants, as the parties wishing to invoke the jurisdiction of this Court, bear the burden of establishing subject-matter jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921) (stating that the defendant bears the burden of establish-

ing subject matter jurisdiction for removed actions).

In the case at bar, Defendants advance two distinct bases for subject-matter jurisdiction. First, they contend that jurisdiction is conferred by section 1332(a), because complete diversity of citizenship exists among the parties and the requisite amount in controversy exists. Second, Defendants argue that jurisdiction is conferred by section 1337(a), because Plaintiffs state a cause of action under the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"),[2] which regulates the delivery rates charged by carriers in interstate commerce. The Court focuses its analysis accordingly. *See Willy,* 855 F.2d at 1164 (focusing exclusively on section 1331 as a basis for subject matter jurisdiction because the defendant did not argue that diversity of citizenship was present).

■ Section 1332(a) provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C.A. § 1332(a); *see also* 28 U.S.C.A. § 1447(b) (West 1994) (providing district courts with subject-matter jurisdiction over all removed cases falling within its original jurisdiction).[3] Under section 1332(a), a corporation is deemed a citizen of its state of incorporation and a citizen of the state of its principal place of business. 28 U.S.C.A. § 1332(c)(1); *J.A. Olson Co. v. City of Winona,* 818 F.2d 401, 404 (5th Cir.1987). Complete diversity of citizenship among the parties is required for the exercise of section 1332(a) jurisdiction. *Carden v. Arkoma As-*

---

1. The Complaint is admittedly ambiguous with respect to the precise injuries for which Plaintiffs seek damages and other relief. Indeed, the Complaint can arguably be read as including a request for damages due to delivery overcharges. *See, e.g.,* Compl. ¶ 20. The Court, however, must construe the Complaint, to the best of its ability, in accordance with Federal Rule of Civil Procedure 8(f) and in light of other pleadings subsequently submitted by the parties. *See* Fed. R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Viewing these materials as a whole, the Court ultimately concludes that Plaintiffs seek only to recover for

storage costs incurred after delivery. *See, e.g.,* Motion to Remand ¶ 10, 12, 15, 18; Reply to Motion to Remand ¶ 5, 12.

2. The Carmack Amendment is codified under various provisions appearing in 49 United States Code.

3. The parties raise no arguments regarding the amount-in-controversy requirement. The Court finds no need to determine the amount in controversy in the case at bar, because complete diversity is found to be lacking.

*socs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1990).

■ In the case at bar, the Complaint avers that Plaintiffs and Defendant A–1 Freeman North American, Inc. ("A–1 Freeman") are all citizens of Texas. In arguing for complete diversity as a basis for jurisdiction, Defendants maintain that, at the time of removal, they reasonably believed A–1 Freeman to be an Oklahoma corporation having its principal place of business in Oklahoma. Defendants' prior confusion is certainly understandable, because the Complaint incorrectly asserts that A–1 Freeman is an Oklahoma corporation. In fact, A–1 Freeman is incorporated in Texas and is legally distinct from the Oklahoma corporation bearing a similar name. Regardless of Defendants' misunderstanding as to the entity being named as a Defendant in the Complaint, however, complete diversity is admittedly lacking. The Court accordingly cannot base subject-matter jurisdiction on section 1332(a).

■ Section 1337(a) provides, in pertinent part: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce." 28 U.S.C.A. § 1337(a); *see also* 28 U.S.C.A. § 1447(b) (West 1994) (providing district courts with subject-matter jurisdiction over all removed cases falling within its original jurisdiction).[4] A cause of action is one "arising under an Act of Congress" if, ignoring any references to anticipated defenses, a federal question appears from the well-pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (discussing the meaning of "arising under [federal law]" as used in 28 U.S.C.A. § 1331 (West 1993))[5]; *see also*

*Powers v. South Cent. United Food & Commercial Workers Unions & Employers Health & Welfare Trust*, 719 F.2d 760, 767 (5th Cir.1983) (holding that no jurisdiction exists under section 1337(a) if the Act of Congress arises strictly as a federal defense). A complaint not facially referring to federal law may nonetheless arise under federal law if the plaintiff has artfully pled in terms of state law what is actually a federal claim, or if the claim asserted is truly federal in nature because federal law preempts the entire field in which the claim is brought. *E.g., Aaron v. National Union Fire Ins. Co. of Pittsburg*, 876 F.2d 1157, 1161 (5th Cir.1989); *see also supra* note 5.

■ Defendants tacitly concede, and the Court independently finds, that the Complaint facially contains no reference to the Carmack Amendment or any other federal law. Instead, Defendants argue that Plaintiffs' claims are, in substance, governed exclusively by the Carmack Amendment, and that they are, in actuality, federal claims because they are within the field of claims completely preempted by the Carmack Amendment. The Court, noting no disagreement among the parties that the Carmack Amendment is "an Act of Congress regulating commerce" within the meaning of section 1337(a), *see, e.g., Eazor Express v. Pennsylvania R.R. Co.*, 214 F.Supp. 695, 696 (W.D.Pa.1963), considers the arguments of Defendants in turn.

Defendants argue that Plaintiffs' claims are substantively governed by the Carmack Amendment because federal law exclusively regulates the rates which carriers may charge for the interstate shipment of goods. *See, e.g., Security Servs., Inc. v. K Mart Corp.*, 511 U.S. 431, ——, 114 S.Ct. 1702,

4. Section 1337(a) also states that "the district courts shall have original jurisdiction of an action brought under [the Carmack Amendment], only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." *Id.* It appears superficially from the Complaint, and the parties do not dispute, that all requirements concerning the amount in controversy are satisfied in the case at bar. The Court's finding that no claim has been stated under the Carmack Amendment further obviates the need to conduct a proper inquiry as to the amount in controversy. The Court accordingly declines to determine whether the true amount in controversy between the parties exceeds $10,000.

5. The "arising under" provision of section 1337(a) is identical in meaning to the "arising under" provision of section 1331. *See Maritime Service Corp. v. Sweet Brokerage De Puerto Rico, Inc.*, 537 F.2d 560, 561 n. 1 (1st Cir.1976) (citing *Carlson v. Coca–Cola Co.*, 483 F.2d 279, 280 n. 1 (9th Cir.1973) and *Russo v. Kirby*, 453 F.2d 548, 551 n. 2 (2d Cir.1971)).

1706, 128 L.Ed.2d 433, 439 (1994). Despite Defendants' insistence to the contrary, however, Plaintiffs simply do not challenge the shipping rates charged by Defendants. Rather, Plaintiffs seek compensation only for storage costs incurred independently of the transportation of the stored goods. The Court agrees that allegations of fraudulent calculation of delivery charges would be substantively governed by the Carmack Amendment regardless whether a false rate or a false weight is used, but the Complaint in this case does not aver that either occurred. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The ... plaintiff ... may avoid federal jurisdiction by exclusive reliance on state law."); *see also Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed. 716 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' [a] law of the United States by his declaration or bill."). The Court accordingly finds that Plaintiffs have not disguised Carmack Amendment claims as arising under state law. The artful pleading doctrine, therefore, does not support a finding of subject-matter jurisdiction in this case.

Defendants alternatively argue that Plaintiffs' claims are federal in nature because they fall within the scope of claims which are preempted by the Carmack Amendment. As interpreted by the United States Supreme Court, the Carmack Amendment preempts all state causes of action for "damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29, 57 S.Ct. 73, 74, 81 L.Ed. 20 (1936) (identifying the "underlying principle[s]" guiding the preemptive scope of the Carmack Amendment as being "that the carrier is entitled to base rates upon value and that its compensation should bear a reasonable relation to the risk and responsibility assumed" and noting that the purpose of the enactment is "to compel the establishment of reasonable rates and to provide for their uniform application"); *see also Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06,

33 S.Ct. 148, 151–52, 57 L.Ed. 314 (1913) (describing the purpose of the Carmack Amendment as to create a uniform rule on the liability of common carriers under bills of lading for "loss, damage or injury" to the property transported). Duties of the carrier include those obligations which are "an integral part of the normal undertaking of the carrier." *New York, Philadelphia, & Norfolk R.R. Co. v. Peninsula Produce Exchange of Md.*, 240 U.S. 34, 38–39, 36 S.Ct. 230, 231–32, 60 L.Ed. 511 (1916). In the instant case, Plaintiffs do not contend that Defendants breached a duty which is integral to the interstate shipment of goods. Indeed, Plaintiffs accept, for purposes of the Complaint, that Defendants fulfilled all of their obligations under the shipping agreement and the governing tariff filed with the Interstate Commerce Commission. Plaintiffs instead complain that Defendants, without authorization or justification, charged Plaintiffs for services performed outside the scope of those services normally associated with the transportation and delivery of goods. The Court accordingly finds that the complete preemption doctrine does not support the exercise of subject-matter jurisdiction in this case.

The Court acknowledges that Defendants have cited several judicial opinions in support of their arguments regarding the artful pleading and complete preemption doctrines as bases for jurisdiction under section 1337(a). These opinions, however, merely hold that claims not asserted under the Carmack Amendment are preempted if they seek to recover for damage or loss to goods during shipment, for misdelivery or untimely delivery of goods, for failure of the carrier to fulfill duties closely related to its duty of delivery, or for charging an improper rate for transporting goods. *See Cleveland v. Beltman North American Co., Inc.*, 30 F.3d 373, 379 (2d Cir.1994) (holding that the Carmack Amendment preempts federal common-law claims for goods lost or damaged during transport and for untimely delivery); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–07 (5th Cir.1993) (holding that the Carmack Amendment preempts state claims seeking recovery for untimely delivery of goods);

*Shao v. Link Cargo (Taiwan) Ltd.,* 986 F.2d 700, 706–07 (4th Cir.1993) (holding that the Carmack Amendment preempts state claims for damage to property incurred during the course of delivery); *Hughes Aircraft Co. v. North American Van Lines, Inc.,* 970 F.2d 609, 613 (9th Cir.1992) (holding state claims for damage to goods occurring during their delivery are preempted by the Carmack Amendment); *Underwriters at Lloyds of London v. North American Van Lines,* 890 F.2d 1112, 1121 (holding that the Carmack Amendment preempts state claims for property destroyed or damaged during the course of delivery under a bill of lading) (10th Cir. 1989); *Intech, Inc. v. Consolidated Freightways, Inc.,* 836 F.2d 672, 677 (1st Cir.1987) (holding that the Carmack Amendment preempts state claims for damages resulting from breach of a carrier's duty to deliver goods); *Paulson v. Greyhound Lines, Inc.,* 804 F.2d 506, 507–08 (8th Cir.1986) (holding that the Carmack Amendment preempts state claims to recover for breach of a carrier's warranty of timely delivery if the governing tariff states that timely delivery cannot be guaranteed); *Air Prods. & Chems., Inc. v. Illinois Cent. Gulf R.R. Co.,* 721 F.2d 483, 487–88 (5th Cir.1983), *cert. denied,* 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984) (holding that a consignee could maintain an action against the carrier for misdelivery of contaminating chemicals under the Carmack Amendment); *Consolidated Freightways Corp. of Del. v. Terry Tuck, Inc.,* 612 F.2d 465, 466 (9th Cir.1980) (holding that state claims cannot be asserted to recover for misquotations of shipping rates which are specified in tariffs); *Fulton v. Chicago, Rock Island & Pacific R.R. Co.,* 481 F.2d 326, 331–32 (8th Cir.1973) (holding that the Carmack Amendment preempts negligence claims against common carriers for damage to

goods occurring during transport); *W.D. Lawson & Co. v. Penn Central Co.,* 456 F.2d 419, 421 (6th Cir.1972) (holding that state claims for damage to goods occurring during shipment are preempted by the Carmack Amendment); *Pietro Culotta Grapes Ltd. v. Southern Pacific Transp. Co.,* 917 F.Supp. 713, 716–17 (E.D.Cal.1996) (holding that the Carmack Amendment preempts state claims for untimely delivery and for damage to goods during shipment); *American Eye Way, Inc. v. Roadway Package System, Inc.,* 875 F.Supp. 820, 820–21 (S.D.Fla.1995) (holding that the Carmack Amendment preempts a shipper's state claims to recover damages for a carrier's failure to acquire cash on delivery from the recipient of the transported goods sold by the shipper); *Schultz v. Auld,* 848 F.Supp. 1497, 1502–04 (D.Idaho 1993) (holding that the Carmack Amendment preempts state claims for recovery for goods which have been lost or damaged during shipment); *United Van Lines, Inc. v. Shooster,* 860 F.Supp. 826, 827–29 (S.D.Fla.1992) (holding that state counterclaims cannot be brought against the carrier to avoid full payment for shipment as determined by the rate specified in the governing tariff); *Margetson v. United Van Lines, Inc.,* 785 F.Supp. 917, 919–20 (D.N.M.1991) (holding that the Carmack Amendment preempts state claims for improper delivery of goods and damage to goods occurring during shipment)[6]; *Pierre v. United Parcel Serv., Inc.,* 774 F.Supp. 1149, 1150–51 (N.D.Ill.1991) (holding that the Carmack Amendment preempts state claims for loss of goods during delivery and for misdelivery of goods, if the carrier is alleged not to have limited its liability in conformity with the Carmack Amendment); *Suarez v. United Van Lines, Inc.,* 791 F.Supp. 815, 816 (D.Colo.1992) (holding that claims for damages to goods occurring during shipment are

---

**6.** In *Margetson,* the United States District Court for the District of New Mexico stated, in its consideration of whether the Carmack Amendment preempted a state breach of contract claim for damage to goods, that damage occurring to goods while in a storage facility is considered to have occurred during delivery. *Margetson,* 785 F.Supp. at 921. Even if *Margetson* were to be deemed mandatory authority upon this Court, which it certainly is not, that case would not control the outcome of the case at bar because Plaintiffs do not state claims for damage to goods

occurring in a storage facility, but rather Plaintiffs maintain that they were damaged through the very act of storing goods, which was neither requested nor desired. In consideration of these allegations, the Court finds, in the context presented, that charges for uncontemplated and unsolicited services are wholly unrelated to the duties imposed on a common carrier under the Carmack Amendment, and therefore questions concerning the propriety of performing such services are not governed by the Carmack Amendment.

preempted by the Carmack Amendment). The Court accordingly finds that the cases cited by Defendants are inapplicable to the case at bar.

For the reasons stated above, the Court concludes that subject-matter jurisdiction is lacking over the present controversy between the parties. Plaintiffs' Motion to Remand pursuant to section 1447(c) is accordingly **GRANTED.** Consequently, **THIS ACTION IS HEREBY REMANDED TO THE 239TH JUDICIAL DISTRICT COURT OF BRAZORIA COUNTY, TEXAS.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further in this matter in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the courts of the State of Texas, as may be appropriate in due course.[7]

**IT IS SO ORDERED.**

---

**7.** This Order is not appealable. 28 U.S.C.A. § 1447(d); *In re Shell Oil Co.*, 932 F.2d 1518, 1520 (5th Cir.1991), (characterizing remand orders based on lack of subject-matter jurisdiction as "clearly unreviewable"), *cert. denied*, 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992).