**STEIN JEWELRY CO., Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC. and NATIONAL UNION FIRE INSURANCE CO. Defendant.**

**No. 00 CIV.9054 (RMB).**

United States District Court, S.D. New York.

July 30, 2002.

**ORDER**

BERMAN, District Judge.

### I. Background

The three cases which are discussed in this order—*Stein Jewelry Co. v. UPS and National Union Fire Insurance*, 00 Civ. 9054 ("*Stein Jewelry*"); *Upchurch v.*

UPS., 01 Civ. 8042 ("*Upchurch*"); and *Medlin v. Rite Aid Corp. and UPS*, 02 Civ. 0948 ("*Medlin*")—were transferred to this Court as part of the Multidistrict Litigation ("MDL") entitled *United Parcel Service, Inc. Excess Value Insurance Litigation*, M–21–84 (MDL–1339).[1] The cases allege, *inter alia*, that plaintiff-shippers' goods (i.e. diamonds, unset stones, and computer equipment, respectively) were lost or damaged during shipment by United Parcel Service, Inc. ("UPS").

The plaintiff in *Stein Jewelry*, which was filed originally in the Circuit Court of Leflore County, Mississippi on November 19, 1998 and removed to the United States District Court for the Northern District of Mississippi, alleges that UPS lost his diamonds which were shipped on or about June 12, 1998. *See* Second Amended Complaint, dated January 15, 2000 ("*Stein Jewelry* Complaint") ("UPS failed to deliver the [diamonds] to its intended destination and said package was either lost or stolen ....").[2] The gravamen (or "real nature") of the plaintiffs' claim is that his diamonds were lost by Defendant UPS.

The plaintiff in *Upchurch*, which was originally filed in the Superior Court of Muscogee County, Georgia on June 27, 2001 and removed to the United States District Court for the Middle District of Georgia, alleges that his "diamonds were shipped [by UPS] and lost in transit ... and [UPS] wrongfully refused payment." Complaint, dated June 27, 2001 ("*Upchurch Complaint*") ¶ 19.

The *Medlin* case, which was originally filed in the Court of Common Pleas of Lucas County, Ohio on September 28, 2001 and removed to the United States District Court for the Northern District of Ohio, involves computer equipment which was "irreparably damaged" during shipment. *See* Complaint, dated September 28, 2001 ("*Medlin Complaint*") ¶ 19. "The package did indeed arrive ... [but the contents] were irreparably damaged." *Medlin Complaint* ¶ 19. Both Rite Aid Corp., presumably acting as a UPS drop-off center, and UPS, which shipped the plaintiff's package, are named as defendants.[3]

Defendant UPS filed a motion to dismiss *Stein Jewelry* on April 14, 2000 ("UPS Mot. to Dismiss *Stein Jewelry*"), arguing, among other things, that both the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and the Carmack Amendment, 49 U.S.C. § 14706(c)(1)(A) ("Carmack Amendment"), preempt plaintiff's state law claims and that "the express exclusions in the UPS tariff bar [the] plaintiff's cause of action." UPS Mot. to Dismiss *Stein Jewelry* at 1–2. The plaintiff in *Stein Jewelry* filed his opposition on April 28, 2000 ("Pl.Opp."), countering that he "could not reasonably have known of UPS' clandestine exclusion of numerous items from insurance coverage" because "UPS buried its exclusionary language in a tariff which it only provides to shippers if they ask for it."[4] Pl. Opp. at 1–2. UPS

---

1. A separate Decision and Order in the MDL proceeding ("MDL Decision and Order") is being filed today and is incorporated herein by reference.

2. Plaintiff did not object to removal and, to the Court's knowledge, has never sought remand. Also, in *Stein Jewelry*, National Union Fire Insurance ("NUF") was named as a defendant by Plaintiff on April 26, 1999. *See Stein Jewelry* Complaint.

3. "No remand motion has ever been made, nor is any such motion pending, in ... Upchurch or Medlin." Letter from Paul T. Friedman to the Court dated July 29, 2002 (the "Defendant's Letter") at 1.

4. The UPS General Tariff reads, in relevant part:

    "Articles of unusual value shall be deemed to include ... currency, postage, stamps, negotiable instruments, money orders, un-

replied on May 12, 2000. NUF joined in UPS' Motion to Dismiss on May 22, 2000. The Court heard oral argument on April 3, 2001. **For the reasons stated below, the Court finds that it has jurisdiction and the motion to dismiss *Stein Jewelry* is denied.**[5]

## II. Standard of Review

In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court assesses the legal feasibility of the complaint, and does not weigh the evidence that may be offered at trial. *See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998); *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). All factual allegations in the complaint must be accepted as true, and the complaint must be viewed in the light most favorable to the plaintiff. *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991).

A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Walker v. City of N.Y.,* 974 F.2d 293, 298 (2d Cir.1992) (quoting *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991)). It has been said that,

"[t]he motion to dismiss for failure to state a claim is disfavored and is seldom granted." *Bower v. Weisman,* 639 F.Supp. 532, 539 (S.D.N.Y.1986) (citing *Arfons v. E.I. du Pont De Nemours & Co.,* 261 F.2d 434, 435 (2d Cir.1958)).

## III. Analysis

### A. Jurisdiction

■ The basis for removal by defendant UPS in *Stein Jewelry* was that "because Plaintiff's claim is for damages arising from the non-delivery of a package by an interstate air carrier, Plaintiff's claims are preempted by federal common law and removal is proper under ... federal question jurisdiction." *See Stein Jewelry* Notice of Removal, dated December 18, 1998. The Court finds that jurisdiction exists because *Stein Jewelry* (and also *Upchurch* and *Medlin*) fall within the ambit of the Carmack Amendment, 49 U.S.C. § 14706(c)(1)(A).[6] And, under the doctrine of "artful pleading," it is not dispositive that plaintiffs have not specifically pled a Federal Carmack Amendment claim in their complaints where, as here, the gravamen of plaintiffs' claim(s) is lost or dam-

---

set precious stones, industrial diamonds, human remains and works of art ... UPS will not be liable for any loss of, or damage to, articles of unusual value."
UPS General Tariff Containing the Classifications, Rules and Practices for the Transportation of Property; issued January 1, 1998, at 5.

**5.** "Counsel for *Upchurch* has expressed agreement that the preemption issues in his case appear to be identical to those in *Stein Jewelry;* hence, he agrees that the decision in the pending *Stein Jewelry* motions will be dispositive of the preemption issues in his case." Letter from Steven W. Berman to the Court dated July 29, 2002 (the "Plaintiffs' Letter") at 3.
"With respect to the claims against Rite Aid, counsel for *Medlin* believes that his claims against Rite Aid cannot be preempt-

ed—regardless of the claims against UPS ... With respect to the claims against UPS, counsel for *Medlin* believes that the Court's decision on the preemption issues in the currently pending motions will be dispositive of the preemption arguments in his claims against UPS." Plaintiffs' Letter at 3.

**6.** The Carmack Amendment reads, in relevant part: "A carrier ... shall issue a receipt or bill of lading for property it receives for transportation .... That carrier and any other carrier that delivers the property ... are liable to the person entitled to recover under the receipt of bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property ...." 49 U.S.C. § 14706(a)(1) (2002).

aged goods.[7] *See In Re NASDAQ Market Makers Antitrust Litigation*, 929 F.Supp. 174, 178 (S.D.N.Y.1996) ("the artful pleading doctrine provides that courts will not permit a plaintiff to use artful pleading to close off a defendant's right to a federal forum . . . and the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization.") (citations omitted).

## B. Stein Jewelry Upchurch/Medlin

The gravamen of these three cases is that UPS failed properly to ship plaintiffs' goods. *See Stein Jewelry* Complaint ¶ 20 ("UPS failed to deliver the package . . . [and] refused to pay the claim."); *Upchurch* Complaint ¶ 19 ("Plaintiff's diamonds were shipped and lost in transit."); *Medlin* Complaint ¶ 19 ("The packages were irreparably damaged."). Under the Carmack Amendment, these claims are the province of Federal law. *See New York, New Haven & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128, 131, 73 S.Ct. 986, 97 L.Ed. 1500 (1953) ("With the enactment in 1906 of the Carmack Amendment, Congress superceded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss."); *see also North Am. Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233–34 (2d Cir.1978) ("Congress has created a broad, comprehensive scheme covering the interstate shipment of freight . . . [which]

has occupied the field to the exclusion of state law."); *see also* MDL Decision and Order at IV.B.3.

■ The complaints in *Stein Jewelry*, *Upchurch*, and *Medlin*, viewed in the light most favorable to plaintiffs, may each be read to set forth a Carmack Amendment claim. *See LaBounty*, 933 F.2d at 123. Whether the express exclusions in the UPS tariff operate to bar the *Stein Jewelry* claims, involves questions of fact that cannot (i.e. without discovery) be determined at this stage.[8] *See, e.g., Sam L. Majors Jewelers v. ABX. Inc.*, 117 F.3d 922 (5th Cir.1997); *see also Gluckman v. American Airlines*, 844 F.Supp. 151, 161 (S.D.N.Y.1994). In *Sam Majors*, the plaintiff, a jeweler, sued the defendant, an interstate shipper, for a lost shipment of jewelry. *Id.* at 924. The defendant argued that the airbill, which exempted plaintiff's items from coverage, was dispositive as to its liability. *Id.* at 930. The U.S. Court of Appeals for the Fifth Circuit applied a two part test for determining the legal sufficiency of notice to an interstate shipper: "First, the physical characteristics of the airbill are to be examined to determine whether they provide reasonable notice to the customer . . . . The second factor to consider is the conditions under which the shipment was made." *Id.* at 930. These questions are inherently factual and, accordingly, the Court cannot

---

7. To state a claim under the Carmack Amendment, a plaintiff must show: "that the carrier received the goods in good order and condition; that the shipment arrived at its destination in a damaged condition or did not arrive at all; and the amount of the loss." *Margetson v. United Van Lines, Inc.*, 785 F.Supp. 917, 922 (D.N.M.1991) (citing *Missouri Pacific Railway v. Elmore and Stahl*, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964)).

8. Similarly, the claims in *Upchurch* and *Medlin* cannot be resolved at this stage because they also present questions of fact. For ex-

ample, *Upchurch* involves an inquiry as to whether an "agent of defendant UPS . . . knew the [UPS] tariff provides that UPS does not accept loose stones for shipment and that [UPS] would not honor any excess value insurance claim if the stones were lost, [but] accepted said items for shipment anyway." *Upchurch* Complaint ¶ 17. *Medlin* questions whether the shipped goods were "irreparably damaged" and whether Rite Aid properly completed appropriate insurance forms. *See Medlin* Complaint ¶ 18–21.

resolve them upon the instant motion to dismiss. *See, e.g., In re Executive Telecard. Ltd. Sec. Litig.,* 913 F.Supp. 280, 286 (S.D.N.Y.1996) ("this claim presents disputed factual issues that cannot be decided within the confines of a motion to dismiss."); *Marsalis v. Schachner,* 01 Civ. 10774(DC), 2002 WL 1268006, at *4 (S.D.N.Y. Jun. 6, 2002) ("the grounds asserted in [the] motion raise factual issues that cannot be resolved on a motion to dismiss.").

## IV. Order

For the reasons stated herein, the Court has jurisdiction and the motion to dismiss is denied.